**Lindsay FAISST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–00–00289–CR.**

Court of Appeals of Texas, Tyler.

Nov. 30, 2001.

Rehearing Overruled Jan. 17, 2002.

Discretionary Review Granted July 31, 2002.

Jeff L. Haas, Tyler, for appellant.

Edward J. Marty, Tyler, for state.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

LEONARD DAVIS, Chief Justice.

Appellant Lindsay Faisst was certified as an adult and was charged with the offense of Intoxicated Manslaughter. After certification and transfer to district court, Appellant entered a plea of guilty and was sentenced to confinement for ten years, probated. Appellant appeals the discretionary transfer from juvenile court. We affirm.

Appellant was driving a vehicle, with Ashleigh McCaa as her passenger, when the Whitehouse police clocked her traveling above the speed limit. She attempted to flee when the police began pursuit of her vehicle. As Appellant was negotiating a curve at a high rate of speed, she lost control of her car and hit two trees. Her passenger was thrown from the vehicle and was killed. It was later determined

that Appellant was intoxicated at the time of the incident.

Appellant was sixteen years old when the accident occurred. An original petition was filed in juvenile court alleging that Appellant had engaged in delinquent conduct. The State then filed its motion for Discretionary Transfer to district court. After hearing testimony, considering evidence and argument of counsel, the juvenile court certified Appellant as an adult, and transferred jurisdiction to the district court.

Appellant waived presentment of the indictment for Intoxication Manslaughter, waived her right to trial by jury, and pleaded guilty without benefit of a plea recommendation. A pre-sentence report was prepared, and after presentment of evidence and argument, Appellant was sentenced to ten years of confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant then filed a Motion for Probation after Execution of Sentence, which the trial court granted. This appeal followed.

 In her sole issue, Appellant complains that the juvenile court abused its discretion when it certified her as an adult and transferred her case to district court. However, a defendant who voluntarily and understandably pleads guilty waives all non-jurisdictional defects where the resulting judgment of conviction was independent of, and was not supported by, the error.[1] *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). The *Young* rule was designed to protect defendants against possible errors made in the trial court that supported their determinations of guilt, such as conditional pleas and errors in

denials of motions to suppress evidence. *Id.* at 663.

 The evidence stipulated to by Appellant was unaffected by any error made by the juvenile court in transferring her case to the district court. Appellant does not claim that she misunderstood her waiver of appellate rights based on the guilty plea. The conviction was not dependent upon the alleged error and therefore is not preserved for review under *Young*.

Having determined that Appellant waived any error as to the sole issue raised, we overrule the issue and affirm the judgment of conviction.

---

1. Because Appellant pleaded guilty without the benefit of a plea agreement, Texas Rule of Appellate Procedure 25.2(b)(3) and the latter part of the *Young* test requiring a written pre-trial motion, a jurisdictional defect, or trial court permission do not apply.