**Dismissed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00101-CR

### JORGE GUERRERO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1354948**

## M E M O R A N D U M   O P I N I O N

Appellant Jorge Guerrero was accused of committing aggravated assault with a deadly weapon when he was sixteen. The juvenile court transferred appellant to criminal district court, where he pleaded guilty and was sentenced to eight years' imprisonment. On appeal, appellant contends that the juvenile court abused its discretion when it waived jurisdiction over him and therefore the district court lacked jurisdiction to render its judgment. We vacate the judgment of the criminal district court, dismiss the case, and return the case to the juvenile court.

BACKGROUND

Appellant was born on June 24, 1995. At age sixteen, appellant was charged with engaging in delinquent conduct by committing aggravated robbery with a deadly weapon. Appellant was accused of participating in two armed robberies and evading arrest on January 11, 2012.

Because appellant was a juvenile at the time of the offense, the charges against him were originally brought in the 314th Juvenile District Court. In that court, the State filed a motion requesting that the juvenile court waive its jurisdiction and transfer appellant to criminal district court to be tried as an adult. The juvenile court judge conducted a hearing on the State's motion. At the hearing, the judge heard testimony from a Houston Police Department officer and two of appellant's relatives. The court also had before it documentary evidence, including a "Court Report Information Summary" containing psychological and psychiatric evaluations of appellant and summaries of appellant's present offenses and prior history.

At the conclusion of the hearing, the juvenile court judge granted the State's motion to waive jurisdiction and transferred appellant to criminal district court to stand trial as an adult. Appellant's case was transferred to the 338th District Court, where appellant pleaded guilty to the aggravated robbery with a deadly weapon. The criminal district court judge found appellant guilty and sentenced him to eight years' confinement in the Texas Department of Criminal Justice.

## TRANSFERRING JUVENILE JURISDICTION

Section 54.02 of the Juvenile Justice Code provides that the juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

> (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

> (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

Tex. Fam. Code § 54.02(a).

To facilitate this determination, the juvenile court must consider, among other matters, the following factors:

> 1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

> (2) the sophistication and maturity of the child;

> (3) the record and previous history of the child; and

> (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f). If the juvenile court waives jurisdiction, it is required to "state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court." *Id.* § 54.02(h).

On appeal, appellant contends that the juvenile court abused its discretion by waiving jurisdiction over him, and therefore the criminal district court lacked jurisdiction to enter a judgment against him. Within this issue, appellant argues that (1) the juvenile court judge exceeded his authority when he waived jurisdiction over appellant, and (2) the evidence was insufficient to support a waiver of jurisdiction. In his briefing, appellant also complains that the juvenile court judge merely filled out a form certification order containing "boilerplate" language and did not include specific evidentiary findings to support its determinations.

After the case was submitted to this Court, the Court of Criminal Appeals issued its decision in *Moon v. State*, addressing several previously unresolved questions concerning the specificity required of the juvenile district court's transfer order and the applicable standards of review the appellate courts are to apply to the transfer order. *See Moon v. State*, No. PD-1215-13, ___ S.W.3d ___, 2014 WL 6997366 (Tex. Crim. App. Dec. 10, 2014). We conclude that the *Moon* case is dispositive of this appeal.

In *Moon*, the Court of Criminal Appeals explained that, before a juvenile court may exercise its discretion to waive jurisdiction over an alleged child offender, the juvenile court must consider the non-exclusive statutory factors of section 54.02(f) to facilitate the juvenile court's balancing of the "potential danger to the public" posed by the particular juvenile offender "with the juvenile offender's amenability to treatment." *Moon*, 2014 WL 6997366, at *7. Should the juvenile court choose to exercise its discretion to waive jurisdiction over the child, then the Juvenile Justice Code directs it to "state specifically" in a written order "its reasons for waiver and [to] certify its action, including the written order and

4

findings of the court." *Id.* (citing Tex. Fam. Code § 54.02(h)).

Relevant here, the Court of Criminal Appeals determined that section 54.02(h) "obviously contemplates that both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons should appear in the transfer order." *Id.* at \*14. Elaborating further, the Court stated:

> In this way the Legislature has required that, in order to justify the broad discretion invested in the juvenile court, that court should take pains to 'show its work,' as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable—in short, that it is a decision demonstrably deserving of appellate imprimatur even if the appellate court might have reached a different result.

*Id*. The Court admonished that the legislative purpose of section 54.02(h) "is not well served by a transfer order so lacking in specifics that the appellate court is forced to speculate as to the juvenile court's reasons for finding transfer to be appropriate or the facts the juvenile court found to substantiate those reasons." *Id.* Conversely, the juvenile court that does the "heavy lifting" section 54.02(h) requires and "shows its work" should rarely be reversed. *Id.*

Given this legislative regime, the Court of Criminal Appeals concluded that "a reviewing court should measure sufficiency of the evidence to support the juvenile court's stated reasons for transfer by considering the sufficiency of the evidence to support the facts as they are expressly found by the juvenile court in its certified order" and "should *not* be made to rummage through the record for facts that the juvenile court *might* have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order." *Id.* Accordingly, the Court held:

> [I]n conducting a review of the sufficiency of the evidence to establish the facts relevant to the Section 54.02(f) factors and any other relevant historical facts, which are meant to inform the juvenile court's discretion whether the seriousness of the offense alleged or the background of the juvenile warrants transfer for the welfare of the community, the appellate court must limit its sufficiency review to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the juvenile transfer order under Section 54.02(h).

*Id.*

The only reason specifically stated in the juvenile court's order in *Moon* to justify the waiver of jurisdiction was that the offense alleged was a serious one, and the only fact specified in support of this reason was that the offense alleged was committed against the person of another. *Id.* The Court held that a waiver of juvenile jurisdiction "based on this particular reason, fortified only by this fact, constitutes an abuse of discretion." *Id.* Additionally, the Court determined that other fact findings included in the juvenile court's written order were "superfluous" because, although those fact findings would have been relevant to support a transfer for the alternative reason that the appellant's background was such as to render waiver of juvenile jurisdiction appropriate, the juvenile court did not cite the appellant's background as a reason for in transfer in the written order. *Id.* at *14–15.

The juvenile court's written order in this case is substantively identical to that in *Moon. See id.* at *2–3; *see also Moon v. State*, 410 S.W.3d 366, 372–73 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, ___ S.W.3d ___, 2014 WL 6997366 (quoting substantive portions of the juvenile court's order). Like the order in *Moon*, the transfer order in this case makes no findings about the specifics of the alleged offense—here, aggravated assault—and finds no more than probable cause to believe that appellant committed "the OFFENSE alleged." *See id.* at *13. And,

as in *Moon*, the only stated reason given for appellant's transfer was that "because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding[s,]" and the only specific fact supporting this reason was that "the OFFENSE allege[d] to have been committed WAS against the person of another[.]" *See id.* As *Moon* instructs, we conclude that the juvenile court's waiver of jurisdiction "based on this particular reason fortified only by this fact" constitutes an abuse of discretion. *Id.* at *14. We therefore sustain appellant's issue.

Because the criminal district court never acquired jurisdiction over appellant, we vacate its judgment of conviction and dismiss the case in that court. The case is returned to the juvenile court for further proceedings. *See id.* at *15 n.90.

## CONCLUSION

We hold that the juvenile court abused its discretion by waiving its jurisdiction and transferring appellant to the criminal district court. The judgment of the 338th District Court is vacated, the case in that court is dismissed, and the cause is remanded to the juvenile court for further proceedings.


/s/     Ken Wise
         Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

7