ACCEPTED
04-14-00352-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/15/2015 3:29:54 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00352-CR

## IN THE COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

1/15/2015 3:29:54 PM

KEITH E. HOTTLE
Clerk

## FOR THE

## FOURTH COURT OF APPEALS DISTRICT

## OF TEXAS

## SAN ANTONIO, TEXAS

**JOHN GONZALES, III,**
**Appellant**

**VS.**

**THE STATE OF TEXAS,**
**Appellee**

**Trial Cause No. 2013-CR-7917**
**Appeal from the 386th District Court**
**Bexar County, Texas**
**Hon. Laura Parker, Presiding**

## APPELLANT'S REPLY BRIEF

**MICHAEL D. ROBBINS**
**Assistant Public Defender**
**Paul Elizondo Tower**
**101 W. Nueva St., Suite 310**
**San Antonio, Texas 78205**

**ORAL ARGUMENT**  **(210) 335-0701**
**NOT REQUESTED**  **FAX (210) 335-0707**
**mrobbins@bexar.org**
**Bar No. 16984600**

**ATTORNEY FOR**
**APPELLANT**

i

# Table of Contents

Page

Table of Contents . . . . . . . . . . ii

 Table of Authorities . . . . . . . . . iii

Word Count . . . . . . . . . . . iv

Reformulation of Argument In Light of *Moon v. State* . . . . 1

Opening Brief Re-Urged If Necessary . . . . . . . 8

Conclusion and Prayer . . . . . . . . . 8

Certificate of Service . . . . . . . . . 9

# Table of Authorities

Page

Statutes

TEX. FAM. CODE § 54.02 (West 2008) . . . . . . *passim*

Rules

TEX. R. APP. P. 9.4 (West 2015). . . . . . . . iv

TEX. R. APP. P. 25.2 (West 2015) . . . . . . . 4

TEX. R. APP. P. 38.3 (West 2014) . . . . . . . 1

Cases

*Guerrero v. State*, No. 14-13-00101-CR, 2014 Tex. App. LEXIS 13773 (Tex. App. – Houston [14th Dist.] Dec. 23, 2014, no pet.)(mem. op., not designated for publication) . . . . . . . 6,7

*Moon v. State*, 410 S.W.3d 366 (Tex. App. – Houston [1st Dist.] 2013), *aff'd*, 2014 Tex. Crim. App. LEXIS 1918 (Tex. Crim. App. Dec. 10, 2104) . 7

*Moon v. State*, No. PD-1215-13, 2014 Tex. Crim. App. LEXIS 1918 (Tex. Crim. App. Dec, 10, 2104)(designated for publication) . . . *passim*

*Rankin v. State*, 46 S.W.3d 899 (Tex. Crim. App. 2001) . . . . 4

## Word Count

Pursuant to TEX. R. APP. P. 9.4(i)(1) & (i)(2)(C) (West 2015), the word count, from the beginning of the Reformulation of Argument section to, but excluding, the signature block, is 1,671. The total word count is 2,218. The Appellate Public Defender's Office uses Microsoft Word 2010.

TO THE COURT OF APPEALS FOR THE FOURTH COURT OF APPEALS DISTRICT OF TEXAS:

This reply brief is filed on behalf of Appellant, John Gonzales, III, by Michael D. Robbins, Assistant Public Defender, in response to the brief filed by the State on January 7, 2015. It is filed by virtue of TEX. R. APP. P. 38.3 (West 2015).

**<u>Reformulation of Argument In Light of <i>Moon v. State</i></u>**

**Introduction.**

On December 10, 2014, the Texas Court of Criminal Appeals issued its opinion in *Moon v. State*, No. PD-1215-13, 2014 Tex. Crim. App. LEXIS 1918 (Tex. Crim. App. Dec. 10, 2014)(designated for publication). In that case, the Court of Criminal Appeals for the first time addressed the standards of appellate review of juvenile waiver and transfer hearings pursuant to TEX. FAM. CODE § 54.02 (West 2008). These standards had previously been addressed only by the intermediate courts of appeals, with mixed and conflicting results. The First Point of Error in Appellant's opening brief addressed this issue, without the benefit of the *Moon* opinion, which was issued after Appellant filed his brief, but prior to the State filing its brief. Accordingly, this Reply Brief will reformulate Appellant's argument, in light of *Moon*, in addition to addressing the preservation of error argument made by the State.

This Reply Brief does not address Appellant's Second Point of Error, regarding Appellant's motion to suppress heard in adult criminal court. That point would be moot if this Honorable Court dismisses this case because of the *Moon* standard of review. However, if that does not occur, Appellant re-urges the argument made in the Second Point of Error.

**Appellate Review under *Moon v. State*.**

The statutory scheme for waiving juvenile jurisdiction and transferring a juvenile case into adult court is contained in TEX. FAM. CODE § 54.02 (West 2008), and specifically in Subsections (a)(3) and (f). It was summarized in both previously-filed briefs (Appellant's Brief, 13-14; State's Brief, 6-7) and will not be repeated here. "What is lacking in our statutory scheme … is any express statement of the applicable standard of appellate review of the juvenile court's transfer order." *Moon*, 2014 Tex. Crim. App. LEXIS 1918 at *24. The Court of Criminal Appeals supplied the proper standard in *Moon*.

"[I]n evaluating a juvenile court's decision to waive its jurisdiction, the appellate court should first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under 'traditional sufficiency of the evidence review.'" *Id.* at *44. This may include both legal and factual sufficiency review. *Id.* at *40. The appellate court should then review the juvenile court's ultimate waiver of jurisdiction under an abuse of discretion standard. "That is to say, in deciding

whether the juvenile court erred to conclude that seriousness of the offense alleged and/or the background of the juvenile called for criminal proceedings for the welfare of the community, the appellate court should simply ask, in light of its own analysis of the sufficiency of the evidence to support the Section 54.02(f) factors and any other relevant evidence, whether the juvenile court acted without reference to guiding rules and principles. In other words, was its transfer decision essentially arbitrary, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria?" *Id.* at \*44-\*45.

The Court of Criminal Appeals disapproved of the tendency of trial courts to use boilerplate undetailed findings of fact. The trial court "should take pains to 'show its work,' as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria …." *Id.* at 51. The statutory process is poorly served by a transfer order "so lacking in specifics that the appellate court is forced to speculate" about the trial court's reasons for transfer. *Id.* at 52. The reviewing court must therefore limit its sufficiency review to the facts the juvenile court expressly relied on, as required to be expressively set out in its transfer order under Section 54.02(h). *Id.* at \*53.

**Preservation of Error.**

The State urges this Honorable Court to find that Appellant waived his complaint on appeal, by not objecting to the boilerplate, non-specific language in the trial court's order waiving juvenile jurisdiction and transferring the case to criminal court. (State's Brief, 7-8). The State's argument in this particular ignores the fact that, prior to *Moon*, the trial court's order of waiver and transfer would have been considered to be in proper form. Trial counsel had no reason to object to the language of the order in anticipation of a ruling by the Court of Criminal Appeals more than two years in the future.[1]

The granting of the State's motion to transfer constituted a pretrial ruling raised by a written motion and ruled on before trial. TEX. R. APP. P. 25.2(a)(2)(A) (West 2015), and Mr. Gonzales obviously had the right to appeal.[2] The trial court's certification of right to appeal reflects this. (CR, 101). Appellant's First Point of Error is that the trial court abused its discretion in waving juvenile jurisdiction, because the evidence was insufficient to support the juvenile court's findings. (Appellant's Brief, 22). Sufficiency of the evidence issues need not be preserved at the trial level, and may be raised for the first time on appeal. *Rankin v. State*, 46

---

[1] The transfer hearing was held on October 19, 2012. (CR, 19). *Moon v. State* was decided on December 10, 2014.

[2] If the juvenile court improperly waived its jurisdiction, the criminal court did not gain jurisdiction, and this case is also appealable on grounds of a jurisdiction defect under Rule 25.2(a)(2)(A)..

S.W.3d 899, 901 (Tex. Crim. App. 2001). The State's allegation of procedural default is without merit.

**The Order of Waiver and Transfer Was Unspecific Boilerplate.**

The juvenile court's order of waiver and transfer makes 12 findings (1A – 11) and then states 12 reasons for transfer (1A – 11). The sets of findings and reasons are identical. (CR, 19-22). In light of the holding in *Moon*, these constituted an insufficient basis for appellate review.

The first two reasons state that Mr. Gonzales was alleged to have committed the offense of murder, merely repeat the allegations contained in the State's original petition for waiver of jurisdiction. *Compare* (CR, 6) *with* (CR, 21). Reasons 2 and 3 state facts regarding Mr. Gonzales's age and address, and Reason 4 states the name and address of his mother. Reasons 5, 6, and 7 state that there has been no adjudication hearing and the procedural requirements were met. These parrot, in part, the statutory requirements of TEX. FAM. CODE § 54.02(a), (b), and (d) (West 2008).

Reasons 8 through 10 state that the court considered whether the alleged offense was against a person or property and that the alleged offense was committed against a person, that the court considered the sophistication and maturity of the child, the record and previous history of the child, and the prospects for adequate protection of the public and the likelihood of rehabilitation of the

child in the juvenile system. *See* TEX. FAM. CODE §§ 54.02(f)(1) – (f)(4) (West 2008). Reason 11 parrots the language of Family Code Section. 54.02(a)(3) and waives juvenile jurisdiction. None of these reasons allude to the court's specific reasoning apart from the statutory language. Clearly, the juvenile court did not "show its work." The juvenile court stated what it found, but why it made those findings.

**The Juvenile Court Abused Its Discretion.**

The juvenile court's order of waiver of jurisdiction in the present case is much like the orders in *Moon* and in *Guerrero v. State*, No. 14-13-00101-CR, 2014 Tex. App. LEXIS 13773 (Tex. App. – Houston [14th Dist.] Dec. 23, 2014, no pet.) (mem. op., not designated for publication). The order stated only conclusory facts rather than specific facts underlying the court's discretionary order. Although the juvenile court did make reference to considering "the record and previous history of the child" (CR, 22 [Reason 10]), it did not state what in the child's record and previous history caused it to exercise its discretion as it did. The juvenile court found that that was an offense against the person (CR, 22 [Reason 8]), and that the welfare of the community required transfer. (CR, 22 [Reason 11]).

As in *Moon*, the juvenile court in the present case did not "show it work." "The only reason specifically stated on the face of the transfer order to justify the waiver of juvenile jurisdiction is that the offense alleged is a serious one. The only

fact specified in the written transfer order to support this reason was that the offense … is an offense against the person of another ... [A] waiver of jurisdiction based on this particular reason, fortified only by this fact, constitutes an abuse of discretion." *Moon*, 2014 Tex. Crim. App. LEXIS 1918 at \*53-\*54.

**The Remedy.**

*Moon* was ultimately decided by the Court of Criminal Appeals, rather that the intermediate appellate court. The Court of Criminal Appeals affirmed the court of appeals, *id.* at \*59, and included a long footnote about possible further proceedings at the juvenile court level. *Id*. at \*59-\*62 n. 90. The proper remedy is therefore found in the court of appeals' opinion, which was affirmed. That court found that the juvenile court abused its discretion when it waived jurisdiction, and that the criminal district court lacked jurisdiction over the case. *Moon v. State*, 410 S.W.3d 366, 378 (Tex. App. – Houston [1st Dist.] 2013), *aff'd*, 2014 Tex. Crim. App. LEXIS 1918 (Tex. Crim. App. Dec. 10, 2014). This Honorable Court should dismiss the district court's judgment and dismiss the case. It should further hold that the case remains pending in the juvenile court. *Id.*; *Guerrero*, 2014 Tex. App. LEXIS 13773 at \*9.

## Opening Brief Re-Urged If Necessary

The undersigned counsel believes that *Moon v. State* is controlling, and that this case must be dismissed. If this Honorable Court disagrees, Appellant does not waive his opening brief, and re-submits that brief for consideration of this Honorable Court, requesting that the juvenile court's order also be evaluated for factual sufficiency of the evidence. *Moon*, 2014 Tex. Crim. App. LEXIS 1918 at *40.

## Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, the Appellant prays the Court of Appeals dismiss this appeal and remand this case to the juvenile court for further proceedings.

Respectfully submitted,

/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender
Paul Elizondo Tower
101 W. Nueva Sr., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
mrobbins@bexar.org
Bar No. 16984600
ATTORNEY FOR APPELLANT

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Reply Brief has been emailed to Mr. Nathan Morey, Assistant District Attorne, Paul Elizondo Tower, 101 W. Nueva St., Suite 370, San Antonio, Texas 78205, on January 15, 2015.


/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender