1365-15

NO. PD-1365-15

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

ISAAC NATHANIEL RODRIGUEZ
Appellant

vs.

THE STATE OF TEXAS
Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

Petition in Cause No. 2013-CR-2038
From the 386th District Court of Bexar County, Texas,
And Appeal No. 04-15-00108-CR
From the Court of Appeals for the
Fourth Court of Appeals District of Texas

PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT REQUESTED

ISAAC N. RODRIGUEZ
PRO SE
TDC #1984841
Garza West Unit
4250 HWY 202
Beeville, Texas 78102-8982

APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the parties to this suit are as follows:

(1) **Isaac Nathaniel Rodriguez,** TDCJ #1984841, Garza West Unit, 4250 HWY 202, Beeville, Texas 78102-8982, is the appellant and was the defendant in trial court.

(2) The **State of Texas**, by and through the Bexar County District Attorney's Office, Paul Elizondo Tower, 101 W. Nueva St., San Antonio, Texas 78205, is the appellee and prosecuted this case in the trial court.

The trial attorneys were as follows:

(1) **Isaac Nathaniel Rodriguez**, was represented by **John Young, and Scott Hill**, 111 Soledad St. Ste 300, San Antonio, TX 78205.

(2) The State of Texas was represented by **Susan D. Reed** (succeeded by **Nicholas Lahood**), District Attorney, and **Jill Mata**, and **Khristina Fielder**, Assistant District Attorneys, 235 E. Mitchell Rd., San Antonio, Texas 78210. Ms. Mata has since become the Texas Juvenile Justice Department General Counsel, P.O. Box 12757, Austin, Texas 78711.

The appellate attorneys are as follows:

(1) **Isaac Nathaniel Rodriguez** is represented by **Michael D. Robbins**, Assistant Public Defender, Paul Elizondo Tower, 101 W. Nueva St., Suite 310, San Antonio, Texas 78205.

(2) The State of Texas is represented by the **Nathan Morey**, Assistant District Attorney, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205.

The trial judge was **Hon. Laura Parker**, 386th District Court, 235 E. Mitchell Rd., San Antonio, Texas 78210.

The Fourth Court of Appeals decided this case in a panel consisting of **Hon. Patricia O. Alvarez, Hon. Luz Alena D. Chapa**, and **Hon. Jason Pulliam**, Associate Justices, Fourth Court of Appeals, Cadena-Reeves Justice Center, 300 Dolorosa St., Suite 3200, San Antonio, Texas 78205.

The opinion was written by **Hon. Patricia O. Alvarez**

# Table of Contents

Identities of Parties and Counsel . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . v

A Note Regarding Record References . . . . . . . . . . . . . . vi

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Procedural History . . . . . . . . . . . . . . . . . . 2

Ground for Review . . . . . . . . . . . . . . . . . . . . . . . . . 2

## GROUND FOR REVIEW

The court of appeals erred when it found that the juvenile court's order of waiver and transfer to criminal court was sufficient, because the order was generic boilerplate and was not case-specific, as required by *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014).

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . 12

Word Count Certification. . . . . . . . . . . . . . . . . . . . . . 12

Appendix. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Index of Authorities

### Statutes

TEX. CODE CRIM. PROC. art. 44.47. . . . . . . . . . . . . . . 3

TEX. FAM. CODE § 54.02 . . . . . . . . . . . . . . . . . . . . . . 4

TEX. FAM. CODE § 56.02 . . . . . . . . . . . . . . . . . . . . . . 5

TEX. PENAL CODE § 19.02 . . . . . . . . . . . . . . . . . . . . . 3

### Rules

TEX.R.APP.P.9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX.R.APP.P.9.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX.R.APP.P.38.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TEX.R.APP.P.66.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX.R.APP.P.68.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. 68.11 . . . . . . . . . . . . . . . . . . . . . . . . 12

### Cases

*Bleys v. State*, 319 S.W.3d 857 (Tex. App. – San Antonio 2010, no pet.) ..

*Faisst v. State*, 105 S.W.3d 7 (Tex. App. – Tyler 2003, no pet.)

*Rodriguez v. State*, No. 04-14-00352-CR, 2015 Tex. App. LEXIS 4571 (Tex. App. – San Antonio May 6, 2015, pet. filed)(designated for publication)

*Moon v. State*, 452 S.W.3d 28 (Tex. Crim. App. 2014)

## A Note Regarding Record References

In this brief, references to the six-volume reporter's record will be thus: (RR ___); and to the clerk's record will be thus: (CR ___).

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

ISAAC N. RODRIGUEZ petitions this Honorable Court to review the judgment affirming his conviction for murder in Cause No. 2013-CR-2038.

## Statement Regarding Oral Argument

The Appellant, ISAAC N. RODRIGUEZ, requests oral argument before the Court of Criminal Appeals of Texas, because oral argument will assist the Court in determining whether the court of appeals erred when it determined that the order of waiver of juvenile jurisdiction and transfer to criminal court was sufficiently detailed in light of this Honorable Court's opinion in *Moon v. State*, 451 S.W.3d. 28 (Tex. Crim. App. 2014).

## Statement of the Case

The Appellant was charged as a juvenile with the offense of murder. The juvenile court waived its jurisdiction and transferred the case to criminal court. Appellant was indicted for capital murder. He pleaded guilty to the charge of murder under a plea bargain, and was sentenced by the trial court to 30 years in the Texas Department of Criminal Justice. The Court of Appeals for the Fourth Court of Appeals District of Texas affirmed the judgment and sentence, on Sept. 16, 2015, in an opinion designated for publication.

1

## Statement of Procedural History

A three-justice panel of the court of appeals rendered its opinion on Sept. 16, 2015 *Rodriguez v. State*, No. 04-15-00108-CR, 2015 (Tex. App. – San Antonio) (designated for publication). No motion for rehearing was filed by Appellant. Pursuant to Rule 68.2(a) of the Texas Rules of Appellate Procedure, this petition is e-filed with the clerk of the Court of Criminal Appeals within ninety (90) days after the judgment of the Court was rendered, on Sept. 16, 2015.

## Ground for Review

The court of appeals erred when it found that the juvenile court's order of waiver and transfer to criminal court was sufficient, because the order was generic boilerplate and was not case-specific, as required by *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014).

2

## Argument

**Introduction.**

This criminal case began as a juvenile case. On October 24, 2012, the State filed a petition for waiver of jurisdiction and discretionary transfer to criminal court in Cause No. 2012-JUV-01710, charging ISAAC N. RODRIGUEZ, with murder. (CR, 11). The case proceeded to certification hearing on the State's petition. Following a contested hearing, the juvenile court waived its jurisdiction and transferred this case to criminal court. (CR, 40; RR 68).

Mr. Rodriguez was subsequently indicted for capital murder, in Cause No. 2013-CR-2038. (CR, 47). Appellant pleaded guilty to the charge of murder, with a plea bargain. (RR,3,1)/

The trial court sentenced Mr. Rodriguez to 30 years imprisonment. (CR, 331,337). The trial court correctly certified that this is a plea bargained case but that Mr. Rodriguez has the right to appeal pretrial orders. (CR, 331).Mr. Rodriguez timely filed notice of appeal. (CR, 336).

**Reasons for granting review.**

In finding that the order of transfer was sufficient under *Moon v. State*, the court of appeals has decided an important question of state law in a

3

way that conflicts with an applicable decision of the Court of Criminal Appeals. TEX. R. APP. P. 66.3(c). Furthermore, the decision of the court of appeals apparently expanded the limits of *Moon v. State*, which is such a recent case that those limits have not been interpreted by this Honorable Court. Therefore, the court of appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. TEX. R. APP. P. 66.3(a).

**The salient facts.**

This petition concerns the hearing and order waiving juvenile jurisdiction and transferring this case to adult court. Therefore, the statement of facts in the petition will limit itself only to the facts salient to this ground for review.

On October 24, 2012, the State filed its original petition for waiver of jurisdiction and discretionary transfer to criminal court, in Cause No. 2012-JUV- 01710. The petition alleged that ISAAC N. RODRIGUEZ, was 16 years of age, having been born on June 1, 1996. It further alleged that on or about Sept. 12, 2012, Mr. Rodriguez committed the offense of

---

[1] TEX. PENAL CODE §§ 19.02(b)(1) & (b)(2).
[2] He has the right to appeal the certification and transfer order by virtue of TEX. CODE CRIM. PROC. art. 44.47(b).

4

murder against Adriana Terry. The petition sought transfer to criminal court pursuant to TEX. FAM. CODE § 54.02(a). (CR, 11). Mr. Rodriguez was served with the petition and summons as were his parents. Pursuant to TEX. FAM. CODE § 54.02(d), the State requested a psychological examination, diagnostic study, social evaluation, and investigation of Mr. Rodriguez's circumstances, which was granted by the court. (CR,15). The evaluation and report was prepared by Heather Holder, Psy.D., and was filed in the case. (CR, 241,248). In addition, a discretionary transfer hearing report was prepared by Traci Geppert, a juvenile probation officer, and was duly filed in the case. (RR 1).

The certification and transfer hearing was held on Dec. 12, 2012, in the 289th District Court of Bexar County, Texas, Hon. Carmen Kelsey, presiding. (RR 1). After hearing testimony and arguments, and considering the documents filed in the record of the case, the trial court waived its juvenile jurisdiction and transferred the case to criminal court. (CR, 40; RR 62).

The salient facts underlying this appeal may be found in the Factual Background section of the court of appeals' opinion. *Rodriguez v. State*, Following the closing of testimony and argument of counsel, the trial court granted the State's motion to waive juvenile jurisdiction and transfer the

5

case to criminal court. (CR, 19-24; RR 2, 80-81).

**The court of appeals' holding.**

The original opinion of the court of appeals is attached to this petition,

The court of appeals found that the trial court's finding, in its transfer order, were "substantially more case-specific than the findings analyzed in *Moon*. Because it felt that the trial court's findings were specific as to Mr. Rodriguez, the court of appeals overruled Appellant's argument that the evidence was insufficient to support the order of waiver and transfer.

**Appeal of a certification and transfer hearing.**

The procedures for a waiver of juvenile court jurisdiction and transfer of jurisdiction to adult court are set forth in Section 54.02 of the Texas Family Code. "On transfer of the person for criminal proceedings, the person shall be dealt with as an adult and in accordance with the Code of Criminal Procedure." TEX. FAM. CODE § 54.02(h). Accordingly, appeals of transfer hearings are not governed by TEX. FAM. CODE § 56.02. Instead, the appeal is governed by the criminal statutes, and must be filed only in conjunction with the appeal of an order of deferred adjudication or a conviction by the criminal court. TEX. CODE CRIM. PROC. art. 44.47(b). "In order to transfer a juvenile to adult court, the court must find that (1)

6

there is probable cause to believe that the juvenile committed the offense alleged in the petition, and (2) because of the seriousness of the offense alleged or the background of the child, the welfare of the community requires criminal prosecution." *Faisst v. State*, 105 S.W.3d 7, 11 (Tex. App. – Tyler 2003, no pet.)(citing TEX. FAM. CODE § 54.02(a)(3)). Section 54.02(f) of the Family Code sets out the criteria which the court must consider: (1) whether the offense was against the person or property, with greater weight in favor of transfer given to offenses against the person; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. The juvenile court must consider all of these factors, but it is not required to find the each factor is established by the evidence. *Faisst*, 105 S.W.3d at 11. Also, as long as each factor is considered, the court is not required to give each factor equal weight. *Id.* Finally, a court does not abuse its discretion in findings that the welfare of the community requires the transfer, based on the seriousness of the crime alone. *Id.*

**The *Moon* standard of review.**

This Honorable Court recently defined the proper standard of appellate review for waiver and transfer cases in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). "[I]n evaluating a juvenile court's decision to waive its jurisdiction, the appellate court should first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under 'traditional sufficiency of the evidence review.'" *Id.* at 47. This may include both legal and factual sufficiency review. *Id.* at 44-45.

The appellate court should then review the juvenile court's ultimate waiver of jurisdiction under an abuse of discretion standard. "That is to say, in deciding whether the juvenile court erred to conclude that seriousness of the offense alleged and/or the background of the juvenile called for criminal proceedings for the welfare of the community, the appellate court should simply ask, in light of its own analysis of the sufficiency of the evidence to support the Section 54.02(f) factors and any other relevant evidence, whether the juvenile court acted without reference to guiding rules and principles. In other words, was its transfer decision essentially arbitrary, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria?" *Id.* at 47.

This Court expressly disapproved of the tendency of trial courts to use boilerplate undetailed findings of fact. The trial court "should take pains to 'show its work,' as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria ...." *Id.* at 49. The statutory process is poorly served by a transfer order "so lacking in specifics that the appellate court is forced to speculate" about the trial court's reasons for transfer. *Id.* The reviewing court must therefore limit its sufficiency review to the facts the juvenile court expressly relied on, as required to be explicitly set out in its transfer order under Section 54.02(h). *Id.* at 50.

**The order of transfer in this case lacks specificity.**

The court of appeals addressed similar issues in this case. The court compared the waiver and transfer order in this case with the one in *Moon*, and found that the findings here was specific enough. *Rodriguez*, 2015 Tex. 2015. The court enumerated several findings made in by the juvenile court in this case and found that they passed muster. *Id.* at *14-*15. Most of these findings were generic, and those which mentioned this particular case apparently filled in the blanks from a template form order.

Appellant contends that the intent of *Moon's* direction that the juvenile court to "show its work" was to have the case-specific, detailed reasons for transfer spread out in the transfer order. The court of appeals "showed its work" in *Rodriguez*, by going into detail about the facts of this case which supported the Section 54.02(f) factors. *Id.* at *10-*14. The trouble was that the juvenile court's transfer order did not go into nearly so much detail as the court of appeals.

Nowhere does the order state that the probation officer's meetings with Appellant and his family indicated to her that Appellant had a level of understanding of the case to support the finding that he was mature and sophisticated enough to justify the waiver. . Nowhere does the order state that Dr. Heather Holder evaluated Mr. Rodriguez and concluded that he had the requisite sophistication and maturity to be tried as an adult for murder. *Id.* Nowhere does the order reflect that Appellant's mother described her son as being very much in control.

The order of waiver is silent about Mr. Rodriguez's prior juvenile and educational record. *Id.* at *12. It is also silent regarding the letters in Appellant's favor written .There is nothing in the order about Mr. Rodriguez's home situation, nor does it make mention of the positive factors in Traci Geppert's discretionary transfer hearing report.

10

Prior to *Moon*, it would have been sufficient for an appellate court to look at the case record and plug facts from that record into its discussion of the Section 54.02(f) factors. *C.f., Bleys v. State*, 319 S.W.3d 857, 858-60 (Tex. App. – San Antonio 2010, no pet.). However, *Moon* demands more. It demands "that a reviewing court should measure the sufficiency of the evidence to support the juvenile court's stated reasons for transfer by considering the sufficiency of the evidence to support the facts as they are *expressly* found by the juvenile court in its certified order." *Moon*, 451 S.W.3d at 49-50 (emphasis added). "The appellate court should *not* be made to rummage through the record for facts that the juvenile court *might* have found, given the evidence developed at the hearing, but did not include in its written transfer order."

This demand was not met in the present case. Although the court of appeals "rummaged through" the record to justify its decision, the juvenile court did not "show its work." Accordingly, the meagre facts that were listed in the order of waiver and transfer did not support the order. The opinion of the court of appeals is directly in conflict with the opinion in *Moon*. The outer limits of this Court's opinion in *Moon* have not been defined, but the court of appeals has exceeded those limits, based on any rational reading of *Moon*.

11

## Prayer For Relief

For the reasons herein alleged, the court of appeals erred in overruling Appellant's First Point of Error in Appeal No. 04-14-00352-CR. Therefore, Appellant prays this Honorable Court grant this petition, order briefing, and upon reviewing the judgment entered below, vacate the judgment of the court of appeals, dismiss the criminal prosecution, and find that the case remains pending in the juvenile court. *Moon*, 451 S.W.3d at 52 n. 90. Respectfully submitted,

_Isaac Rodriguez_

12

## Certificate of Service

I HEREBY CERTIFY that, pursuant to Rules 9.5 and 68.11 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing Petition for Discretionary Review has been served by e-mail on Jane Davis and Carla Riedl, Assistant District Attorney, Paul Elizondo Tower, 101 W. Nueva, Suite 710, San Antonio, Texas 78205; and has been sent by first-class U.S. mail to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711; on this __15__ th day of Dec. , 2015.

## Word Count Certification of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), the undersigned counsel certifies that the word count, from the beginning of the Argument until, but excluding, the signature block, is: 2,009, and that the total word count, excluding the opinion and judgment of the court of appeals, is 3,067

## Appendix

Opinion of the Court of Appeals for the Fourth Court of Appeals District of Texas, *ISAAC N. RODRIGUEZ v. State of Texas*, No. 05-14-00108-CR, (designated for publication).

13



# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00108-CR

Isaac Nathaniel **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2038
Honorable Laura Parker, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

Appellant Isaac Nathaniel Rodriguez, a juvenile, was charged with murder. Upon motion by the State, the juvenile court waived jurisdiction and transferred the matter to criminal court. After Rodriguez's motion to suppress was denied by the district court judge, he entered a plea of guilty and was sentenced to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $1,000.00. In his sole issue on appeal, Rodriguez claims the juvenile court erred in transferring jurisdiction to the criminal court. We affirm the juvenile court's order.

## FACTUAL BACKGROUND

Rodriguez was born June 1, 1996, and was living with the victim, Adriana Terry, at the time she was murdered. Although Terry and Rodriguez were not biologically related, Rodriguez's mother had dated Terry's son. Terry was a grandmother figure to Rodriguez, and even had temporary conservatorship at one point during his childhood.

As a result of his mother's drug habit, and the accompanying unstable family life, Rodriguez lived with Terry at several points in his life. During those times, Terry enrolled Rodriguez in four different schools. On the day she was murdered, Terry had withdrawn Rodriguez from Premier Academy and was enrolling him at Madison High School. Gema Ramirez, Terry's niece, explained that as a result of Terry moving back to Benavides, Texas, Rodriguez was moving back to his mother's house.

Around 2:00 p.m. on September 12, 2012, Ramirez, who also lived at Terry's home, found a damaged bathroom door, partially off the hinges, and Terry in the bathroom bleeding profusely from a skull fracture. Terry also had multiple abrasions, contusions, and stab wounds to her abdomen. Terry was still alive, but could not speak and was experiencing trouble breathing. EMS was contacted and Terry was transported to hospital where she died several hours later from cranial cerebral injuries, or skull fractures.

When police arrived to investigate, they found an aluminum baseball bat near the entry to the bathroom, along with a knife blade and knife handle. The bat and the knife blade were both bloody and located approximately three feet from where Terry was found. Rodriguez arrived while police were investigating the crime scene. Witnesses reported Rodriguez walked up the middle of the street and straight toward the house, disregarding the obvious chaos of the scene. Ramirez approached him and asked him where he had been. Rodriguez simply responded that he "went to

eat." Officer Teresa Martin stopped Rodriguez from entering the house. She questioned him, but he was unresponsive. Rodriguez looked at the front door of Terry's home, and stated "I did it."

Rodriguez was detained following his statement. Officer Tim Bowen drove Rodriguez to youth services, to the magistrate's office to be magistrated, and then returned Rodriguez to youth services. While on a restroom break, Rodriguez asked Officer Bowen if he could talk to him. Rodriguez again confessed, "I did it," telling the officer that he wanted to make his father proud. After further questions, Officer Bowen asked Rodriguez "if he was talking about what happened to his grandmother, and [Rodriguez] said, 'I did it because I love my daddy.'" Officer Bowen inquired whether his father told him to do it, and Rodriguez responded in the negative.

Rodriguez was charged with murder. On October 24, 2012, the State filed its original petition for waiver of jurisdiction and discretionary transfer to criminal court. In the time leading up to the transfer hearing, Bexar County Juvenile Probation Officer Traci Geppert attempted to obtain a psychological evaluation of Rodriguez. However, based on the advice of counsel, Rodriguez refused to participate in the evaluation.

After a hearing, the juvenile trial court found probable cause to believe that Rodriguez committed the offense. The court concluded that due to the serious nature of the offense and for protection of the public, the State's petition for transfer to criminal court should be granted.

After his motion to suppress was overruled by the trial court, Rodriguez entered a plea of guilty to murder in district court. He was sentenced to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $1,000.00.

On appeal, Rodriguez contends that the juvenile court had insufficient evidence to transfer his case to criminal court.

**B.     Arguments of the Parties**

Rodriguez argues the evidence was factually insufficient. He also contends the court's transfer order used boilerplate language, without the required case-specific findings, to support the juvenile court's waiver of jurisdiction.

The State counters the juvenile court possessed sufficient evidence to support its finding that the case should be transferred to district court.

**TEXAS FAMILY CODE SECTION 54.02**

**A.     Transfer to Criminal Court for Prosecution**

Texas Family Code section 54.02(a)(3) provides that prior to transferring a juvenile to criminal court for prosecution, and after a full investigation and a hearing, the juvenile court must determine (1) probable-cause exists to believe the juvenile committed the alleged offense and (2) the seriousness of the offense, the background of the child, and the welfare of the community require-criminal prosecution. *See* TEX. FAM. CODE ANN. § 54.02(a)(3) (West 2014); *see also Gonzales v. State*, No. 04-14-00352-CR, 2015 WL 2124773, at *3 (Tex. App.—San Antonio May 6, 2015, pet. ref'd).

At the juvenile court, the State bears the burden of proving, by a preponderance of the evidence, that waiver of the juvenile court's jurisdiction is appropriate. *Moon v. State*, 451 S.W.3d 28, 40–41 (Tex. Crim. App. 2014); *Faisst v. State*, 105 S.W.3d 8, 11 (Tex. App.—Tyler 2003, no pet.). The juvenile court's order must show that the 54.02(f) factors were considered in making the determination. *Moon*, 451 S.W.3d at 41–42. "If the juvenile court waives jurisdiction, it is required to 'state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court.'" *Guerrero v. State*, No. 14-13-00101-CR, 2014 WL 7345987, at *2 (Tex. App.—Houston [14th Dist.] Dec. 23, 2014, no pet.) (mem. op.) (quoting TEX. FAM. CODE ANN. § 54.02(h)); *accord Moon*, 451 S.W.3d at 38.

- 4 -

## B.    Standard of Review

In *Moon*, 451 S.W.3d at 47, the Court of Criminal Appeals set forth two questions in determining whether the juvenile court abused its discretion:

(1)    did the [juvenile] court have sufficient information upon which to exercise its discretion; and

(2)    did the [juvenile] court err in its application of discretion? A traditional sufficiency of the evidence review helps answer the first question, and we look to whether the [juvenile] court acted without reference to any guiding rules or principles to answer the second.

*Id.* (alterations in original); *accord Gonzales*, 2015 WL 2124773, at *4. The court warned, "As long as the appellate court can determine that the juvenile court's judgment was based upon facts that are supported by the record, it should refrain from interfering with that judgment." *Moon*, 451 S.W.3d at 46

## C.    Facts Presented Before the Juvenile Court

Our review begins with an analysis of the factors outlined in section 54.02(f) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.02(f).

### 1.    *Whether Alleged Offense Was Against a Person or Property*

We first look at "whether the alleged offense was against person or property." *Id.* § 54.02(f)(1). Here, the alleged offense was the murder of Adriana Terry, a first-degree felony.

At the crime scene, prior to any questions asked by the officer, Rodriguez told Officer Martin, "I did it." Officer Martin explained that he understood Rodriguez to be saying he caused Terry's injuries. We note Rodriguez volunteered this information prior to being identified as a suspect and while staring at the front door of Terry's home in the midst of the crime scene investigation.

After Rodriguez was magistrated, Rodriguez requested to speak to Officer Bowen and Rodriguez again made the statement, "I did it." Officer Bowen confirmed Rodriguez was

confessing to the injuries suffered by Terry. *See Gonzales*, 2015 WL 2124773, at *4 (holding defendant's confession to murder met factor 54.02(f)(1)); *see also Bleys v. State*, 319 S.W.3d 857, 860 (Tex. App.—San Antonio 2010), *abrogated by Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014) (confessing to aggravated assault).

Rodriguez struck Terry with a baseball bat and inflicted stab wounds to her abdomen. The use of multiple weapons is an indication of the seriousness of the offense. *See Garcia v. State*, No. 09-10-00020-CR, 2011 WL 379117, at *7 (Tex. App.—Beaumont Feb. 2, 2011, pet. ref'd) (mem. op., not designated for publication) (finding a beating that led to death was extremely brutal due in part to the use of both a knife and chair spindles). This was an offense against the person and as such should be given greater weight in favor of transfer. *See* TEX. FAM. CODE ANN. § 54.02(f); *Moon*, 451 S.W.2d at 38.

### 2. *Sophistication and Maturity of the Child*

The second factor is "the sophistication and maturity of the child." TEX. FAM. CODE ANN. § 54.02(f)(2); *Faisst*, 105 S.W.3d at 11.

Probation Officer Traci Geppert met with Rodriguez twice a week for three months leading up to his transfer hearing. In creating her Discretionary Transfer Hearing Report, Geppert interviewed Rodriguez's parents, school officials, Texas Department of Criminal Justice officials, Texas Juvenile Justice Department officials, and detention officials; she also reviewed the police reports and district attorney's file. Rodriguez's case was also reviewed by Geppert's supervisor and by the staffing committee.

Rodriguez was sixteen and a half years old at the time of his detention, and he displayed behavior in line with his age. Geppert testified Rodriguez was sophisticated and mature and, at times, even felt he was manipulating the conversation. Rodriguez was able to understand the seriousness of the charge against him and the difference between a juvenile and a criminal

proceeding. *See Gonzales*, 2015 WL 2124773, at *4 (citing understanding of proceedings and charge as evidence of sophistication and maturity). Geppert relayed Rodriguez was able to communicate with the employees, teachers, and other detainees at the detention center. *See Matter of S.E.C.*, 605 S.W.2d 955, 958 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (holding psychiatrist's description of appellant as "cooperative, candid, and very articulate" supported finding that appellant was sophisticated). Geppert explained,

> I believe that he is sophisticated and mature enough. That he understands the information that has been provided to him. He understands the differences between the adult and the juvenile system regarding the allegations that have been made against him. I do believe [that] he's sophisticated and mature enough to stand trial as an adult.

Finally, Geppert opined Rodriguez's ability to understand and follow his attorney's direction not to participate in the psychological examination was further evidence that he was sophisticated and mature enough to capably assist his counsel.

### 3.    Record and Previous History of the Child

We turn to the third factor—"the record and previous history of the child." TEX. FAM. CODE ANN. § 54.02(f)(3); *Faisst*, 105 S.W.3d at 11.

This was Rodriguez's first referral to the juvenile system in Bexar County. However, "a court does not abuse its discretion by finding the community's welfare requires transfer due to the seriousness of the crime alone, despite the child's background." *Faisst*, 105 S.W.3d at 11; *accord McKaine v. State*, 170 S.W.3d 285, 291 (Tex. App.—Corpus Christi 2005, no pet.) (op. on reh'g); *see also In re M.A.*, 935 S.W.2d 891, 897 (Tex. App.—San Antonio 1996, no writ) (finding sufficient evidence to transfer the case from juvenile court to district court due to seriousness of the crime even absent a previous criminal record).

Although Rodriguez had no juvenile record, his previous history substantiates years fraught with problems. Rodriguez began abusing alcohol as early as seven years of age and started using

marijuana at the age of nine. Geppert reported, due to his moving around between family members, Rodriguez attended at least twelve schools throughout his childhood. At his most recent school, Rodriguez was in trouble for not following directions, sleeping in class, not being redirected, and being unresponsive toward the teachers. When the principal at this school intervened on one occasion, Rodriguez very nonchalantly responded, "I don't know what you're talking about." Rodriguez's troubling history, and lack of response to authority figures, support a finding that the juvenile system is not prepared to adequately protect the public and rehabilitate him.

### 4. Adequate Protection of the Public and Likelihood of Rehabilitation

The fourth factor we consider is "the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court." TEX. FAM. CODE ANN. § 54.02(f)(4); *Faisst*, 105 S.W.3d at 11.

Geppert testified that although the resources of the juvenile system would be helpful to Rodriguez, he would soon "age out" of the system. Rodriguez was sixteen and a half at the time of the transfer hearing and the juvenile probation system would only retain jurisdiction until he turned nineteen. The only option besides adult sentencing would be determinate sentencing. Given the serious nature of the offense, and the short time available to the juvenile system, Geppert testified,

> I don't feel that the juvenile probation department has the time nor the resources to work with [Rodriguez] based on his nature of the offense.

She explained that there was a huge need for rehabilitation and two and a half years simply was not sufficient. Geppert continued she also did not believe the public would be adequately protected if Rodriguez were left in the juvenile system. *See Gonzales*, 2015 WL 2124773, at *5 (finding that the severity of the crime and the short time available to the juvenile system supported the trial

court's transfer order); *Faisst*, 105 S.W.3d at 15 (finding that maintaining the jurisdiction of the juvenile system was not appropriate due to the severity of the offense which required a long period of supervision and probation).

 5. *Specific Factual Findings*

Not only must the record substantiate the juvenile court's findings, but the juvenile court must make "case-specific findings of fact" with respect to the 54.02(f) factors. *See Moon*, 451 S.W.3d at 51. Here, after careful consideration of all the evidence presented, the juvenile court made the following findings:

1. Rodriguez was alleged to have committed murder under Section 19.02 of the Texas Penal Code.

2. Rodriguez was sixteen years old at the time of the transfer hearing.

3. Rodriguez was fourteen years or older but under seventeen years old at the time he is alleged to have committed the offense.

4. Rodriguez's mother resides in Bexar County.

5. No adjudication hearing has been conducted to this point.

6. The notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 were satisfied.

7. Prior to the hearing, the Court ordered a psychological examination, complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense; although Rodriguez refused to cooperate in the psychological examination, all other studies were completed.

8. The Court considered whether the offense was against person or property and found the offense was against a person.

9. The Court considered Respondent's sophistication and maturity and found him sophisticated and mature enough to be transferred into the criminal justice system; he understands the allegations, court proceedings, and possible consequences.

10. After considering the record and previous history of the child, the prospects of adequate protection of the public, and the likelihood of rehabilitation of the child by use of the procedures, services, and facilities currently available to the Juvenile Court, the Court found the Juvenile Court inadequate for the rehabilitation of the child while also protecting the public.

11. Following a full investigation and hearing, the Court found probable cause to believe the child committed the offense and that the seriousness of the offense, background of the child, and welfare of the community requires that the criminal proceedings move to Criminal District Court.

## D. Analysis

Based on a review of the entire record, we conclude the transfer order is factually and legally sufficient to uphold the juvenile court's finding that the case should be transferred to criminal court. After a hearing, with extensive cross-examination by defense counsel, the juvenile court's order clearly substantiates that the 54.02(f) factors were considered in the juvenile court's determination. *See Moon*, 451 S.W.3d at 40–41; *Gonzales*, 2015 WL 2124773, at *5; *see also* TEX. FAM. CODE ANN. § 54.02(h); *Moon*, 451 S.W.3d at 38.

Given the evidence in the record and the specific factual findings of the juvenile court, we cannot conclude that the juvenile court's determination to move the proceedings to criminal court was arbitrary or unreasonable. *See Faisst*, 105 S.W.3d, at 12. To the contrary, the juvenile court provided a "sure-footed and definite basis" for its decision. *Moon*, 451 S.W.3d at 49.

## CONCLUSION

Accordingly, we affirm the juvenile court's order and overrule Rodriguez's sole issue on appeal.

Patricia O. Alvarez, Justice

PUBLISH