**Opinion issued May 12, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01014-CR

———————————

## EX PARTE CAMERON MICHAEL MOON

---

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1467534A**

---

## OPINION ON REHEARING[1]

---

[1]   We issued our original opinion and judgment in this appeal on February 20, 2020. Appellant Cameron Michael Moon subsequently filed a motion for rehearing and a motion for rehearing en banc. We grant Appellant's motion for rehearing, withdraw our February 20, 2020 opinion and judgment, and issue this opinion and judgment in their place. We deny Appellant's motion for rehearing en banc as moot. *In re Wagner*, 560 S.W.3d 311, 312 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding [mand. denied]) ("Because we issue a new opinion in connection with the denial of rehearing, the motion for en banc reconsideration is rendered moot.").

A juvenile court waived jurisdiction over 16-year-old Cameron Michael Moon ("Moon") and certified him to stand trial as an adult in criminal district court for the charged offense of murder. After a jury convicted him and assessed his punishment at 30 years' imprisonment in criminal district court, Moon appealed. This Court held the juvenile court abused its discretion in waiving jurisdiction over Moon, vacated the criminal district court's judgment, and dismissed the case. *See Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014). On the State's petition for discretionary review, the Court of Criminal Appeals affirmed this Court's judgment. *See Moon v. State*, 451 S.W.3d 28, 52 (Tex. Crim. App. 2014).

On remand, the juvenile court again waived jurisdiction over Moon, who was then over the age of 18, and recertified him to stand trial as an adult in criminal district court for the same charged offense of murder. Moon filed a motion to dismiss and an application for a pretrial writ of habeas corpus with the criminal district court, both of which the district court denied.

Moon now appeals the district court's denial of his pretrial writ of habeas corpus. In eight points of error, he contends (1) the State presented legally and factually insufficient evidence to prove the elements required under Section 54.02(j) of the Texas Family Code ("Family Code") for waiver of juvenile jurisdiction; (2) the juvenile court's findings under Section 54.02(j) of the Family Code were

2

insufficient to allow it to waive jurisdiction; (3) the criminal district court had jurisdiction when it originally adjudicated Moon on the charged offense of murder; (4) the State introduced legally and factually insufficient evidence, and did not obtain the necessary findings, to establish that reversal of the original transfer order made it impracticable for the State to proceed in juvenile court before Moon turned 18; (5) the State introduced legally and factually insufficient evidence, and did not obtain the necessary findings, to establish that it exercised due diligence; (6) application of Section 54.02(j) of the Family Code to recertify Moon deprived him of the process to which he was originally due under Sections 54.02(a), (d), and (f) of the Family Code in violation of the United States and Texas Constitutions; (7) application of the standards for certification under Section 54.02(j) of the Family Code violated the ex post facto doctrine; and (8) the recertification of Moon under Section 54.02(j) of the Family Code violated the Equal Protection clause and the prohibition against double jeopardy.

Because we conclude there was an adjudication or an adjudication hearing concerning the alleged offense, the juvenile court erred in transferring Moon's case to criminal district court. We reverse the criminal district court's order denying Moon's application for a pretrial writ of habeas corpus and we remand this matter to the criminal district court with instructions to enter an order granting Moon's writ of habeas corpus and dismissing the case for lack of jurisdiction.

## Background

### A. Original Certification Under Sections 54.02(a) and (f)[2]

Moon was arrested when he was 16 years old and detained in the Harris County Juvenile Justice Center starting on July 20, 2008. On November 19, 2008, the State filed a petition in the 313th Juvenile Court alleging that Moon engaged in delinquent conduct by committing murder. On the same date, the State filed a motion under Sections 54.02(a) and (f) of the Family Code, asking the juvenile court to waive its exclusive original jurisdiction over Moon and transfer him to criminal district court to be tried as an adult. The State alleged that given the seriousness of the offense alleged, the welfare of the community required waiver of the juvenile court's jurisdiction.

The juvenile court granted the State's request for a hearing on its motion for waiver of jurisdiction. At the conclusion of the hearing, the juvenile court granted the State's motion for waiver of jurisdiction. The next day, on December 18, 2008, the juvenile court signed and entered an "Order to Waive Jurisdiction" transferring Moon's case to the 178th District Court for Moon to be tried as an adult ("Original Transfer Order"). The order stated the juvenile court had determined "that there is

---

[2] A detailed recitation of the factual and procedural background of this case through Moon's original certification and subsequent conviction in the criminal district court can be found in the opinions of this Court and the Court of Criminal Appeals. *See Moon v. State*, 410 S.W.3d 366 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014).

4

probable cause to believe that the child committed the OFFENSE alleged and that because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding." The order further stated that "[i]n making that determination, the Court considered among other matters:

1. Whether the alleged OFFENSE WAS against person or property, with the greater weight in favor of waiver given to offenses against the person;

2. The sophistication and maturity of the child;

3. The record and previous history of the child; and

4. The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court.

The juvenile court also found that (1) Moon "is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived[,] . . . to have aided in the preparation of HIS defense and to be responsible for HIS conduct;" (2) the offense alleged "WAS against the person of another;" and (3) "there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of" Moon "by use of procedures, services, and facilities currently available to the Juvenile Court."

Following transfer of Moon's case to criminal district court, Moon stood trial for the first-degree felony charge of murder. In 2010, a jury convicted Moon and assessed his punishment at 30 years' imprisonment. Moon appealed arguing the

juvenile court had abused its discretion in waiving its jurisdiction and certifying him to stand trial as an adult.[3]

## B.    Moon's Original Appeal ("*Moon I*")

On direct appeal, when Moon was 21 years old, this Court found the evidence insufficient to support the juvenile court's findings under Sections 54.02(a) and (f) of the Family Code related to Moon's sophistication and maturity, the prospect of adequate protection of the public, and the likelihood of Moon's rehabilitation, and that only one factor—whether the offense was against person or property—weighed in favor of Moon's certification as an adult. *See Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014) ("*Moon I*"). We held the juvenile court abused its discretion in waiving its jurisdiction over Moon, certifying him for trial as an adult, and transferring his case to criminal district court. *Id.* We held the criminal district court lacked jurisdiction

---

[3]    At the time the juvenile court entered the Original Transfer Order, direct appeals from transfer orders were not permitted. In 1995, the Legislature amended the Juvenile Justice Code to strike a provision that previously permitted interlocutory appeals from transfer orders as civil matters. Effective January 1, 1996, transfer orders could be appealed only in conjunction with the appeal of a conviction of the offense for which the juvenile was certified. *See Moon*, 451 S.W.3d at 39–40 (explaining that due to legislative amendments in 1995, effective January 1, 1996, "an alleged juvenile offender [could] no longer immediately appeal from the juvenile court's waiver of jurisdiction; instead, he must wait until such time as he may be convicted in an adult criminal court to complain, on appeal, of some error in the juvenile court's transfer ruling").

over the case. *Id.* We vacated the criminal district court's judgment and dismissed the case, noting "[t]he case remains pending in the juvenile court." *Id.*

On the State's petition for discretionary review, the Court of Criminal Appeals affirmed this Court's judgment, holding the juvenile court, in an order waiving its original jurisdiction, must both state the reasons for waiving its jurisdiction and expressly set out the findings of fact that support those reasons. *See Moon v. State*, 451 S.W.3d 28, 50 (Tex. Crim. App. 2014). It stated that a failure to do so may result in a finding that there is insufficient evidence to support the juvenile court's waiver of jurisdiction. *See id.* at 51–52. The Court of Criminal Appeals found that the only reason specifically set out in the Original Transfer Order justifying the juvenile court's waiver of jurisdiction was that the offense Moon was alleged to have committed was a serious one, and that the only fact specified in support of such a finding was that the charged offense was an offense against the person of another. *See id.* at 50. The Court of Criminal Appeals held that "a waiver of juvenile jurisdiction based on this particular reason, fortified only by this fact, constitutes an abuse of discretion." *Id.*

In a footnote, the Court of Criminal Appeals noted that neither party had challenged this Court's statement that the case remained "pending in the juvenile court." *Id.* at 52 n.90. Although it left the question "[p]ending for what?" to the juvenile court, the Court of Criminal Appeals noted that "at least one legislatively

7

provided alternative would seem to be for the juvenile court to conduct a new transfer hearing and enter another order transferring the appellant to the jurisdiction of the criminal court, assuming that the State can satisfy the criteria under Section 54.02(j) of the Juvenile Justice Code." *Id.* As to the juvenile court's authority to cure a deficient transfer order, the Court explained:

> The juvenile court has either validly waived its exclusive jurisdiction, thereby conferring jurisdiction on the criminal courts, or it has not. We cannot order the court of appeals to remand the cause to the juvenile court unless and until we affirm its judgment that the juvenile court's transfer order was invalid and that the criminal courts therefore never acquired jurisdiction. Unless and until the transfer order is declared invalid, the criminal courts retain jurisdiction, and the juvenile court lacks jurisdiction to retroactively supply critical findings of fact to establish whether or not it has validly waived its jurisdiction.

*Id.*

## C.     Recertification Under Section 54.02(j) ("*Moon II*")

Upon remand to the juvenile court, the State filed a second motion to waive jurisdiction, requesting that the juvenile court waive its jurisdiction and certify Moon as an adult, this time pursuant to Section 54.02(j) of the Family Code, which applies to those who are 18 or older at the time of the certification hearing. Moon opposed the certification and sought dismissal of the proceeding. He filed a response to the State's motion to waive jurisdiction and brief in support, as well as a brief in support of his motion to dismiss the juvenile proceeding and opposition to the State's motion to certify.

8

The juvenile court held a hearing on the State's motion to waive jurisdiction. Moon argued the State could not prove the mandatory elements of Section 54.02(j) of the Family Code. He also argued that Section 54.02(j) violated his constitutional rights to due process and equal protection of the law, as well as the prohibition against double jeopardy. Following the hearing, the juvenile court granted the State's motion, recertified Moon to be tried as an adult, and denied Moon's motion to dismiss. The juvenile court signed an "Order to Waive Jurisdiction" transferring Moon's case to criminal district court on May 7, 2015 ("Second Transfer Order").[4]

In its Second Transfer Order, the juvenile court found that:

(1)     Moon is 18 years of age or older;

(2)     Moon was 10 years of age or older and under 17 years of age at the time he is alleged to have committed an offense under Penal Code section 19.02;

(3)     no adjudication concerning the offense has been made and no adjudication hearing concerning the offense has been conducted;

(4)     by a preponderance of the evidence after due diligence of the State it was not practicable to proceed in juvenile court before Moon's 18th birthday because a previous transfer order was reversed by an appellate court; and

(5)     there is probable cause to believe that Moon committed the offense alleged.

---

[4]     Moon filed a petition for writ of mandamus challenging his recertification on sufficiency and constitutional grounds. This Court denied his petition for mandamus.

9

The Second Transfer Order incorporated the State's proposed Findings of Fact and Conclusions of Law which "specifically state the reasons for this waiver and decision to transfer the matter to criminal district court and are likewise certified by this Court." The juvenile court made the following Finding of Fact:

> [Finding of Fact] 44. No adjudication concerning the offense has occurred in the 313th District Court or any other juvenile court, and the Harris County Juvenile Court retained exclusive, original jurisdiction throughout the pendency of this case. *See Moon*, 451 S.W.3d at 31–32, 51, n.90; *see also Moon*, 410 S.W.3d at 378 ("Because the juvenile court abused its discretion in waiving its jurisdiction over Moon and certifying him for trial as an adult, the district court lacked jurisdiction over the case. The Court of Appeals for the First Judicial District therefore vacate[d] the district court's judgment and dismiss[ed] the case. The case remains pending in the juvenile court.").

The juvenile court also made the following Conclusion of Law:

> [Conclusion of Law] 4. Because the Texas Court of Criminal Appeals determined that original, exclusive jurisdiction remained in the 313th District Court rather than properly transferring to the 178th District Court, no adjudication concerning this offense has been made and no adjudication hearing concerning the offense has been conducted. *See Moon*, 451 S.W.3d at 31–32, 51, n.90; *see also Moon*, 410 S.W.3d at 378 ("Because the juvenile court abused its discretion in waiving its jurisdiction over Moon and certifying him for trial as an adult, the district court lacked jurisdiction over the case. The Court of Appeals for the First Judicial District therefore vacate[d] the district court's judgment and dismiss[ed] the case. The case remains pending in the juvenile court."); *see* TEX. FAM. CODE ANN. § 54.02(j)(3) (West Supp. 2014).

In September 2015, a grand jury indicted Moon for murder. In June 2018, Moon filed an application for a pretrial writ of habeas corpus and challenge to the constitutionality of Texas Code of Criminal Procedure Article 44.47 and Family

Code Section 54.02(j). Following a hearing, the criminal district court entered an order denying Moon's pretrial writ of habeas corpus and adopting the State's proposed Findings of Fact and Conclusions of Law. Moon timely filed his notice of appeal of the trial court's denial of his pretrial writ of habeas corpus ("*Moon II*").[5]

## Juvenile Certification

Juvenile courts have exclusive original jurisdiction over cases involving delinquent conduct by children between 10 and 17 years old. TEX. FAM. CODE §§ 51.02(2)(A), 51.04(a). Delinquency proceedings against minors proceed in juvenile court under the Juvenile Justice Code. *See id.* §§ 51.01–61.107. A juvenile court may waive its exclusive original jurisdiction under certain conditions and "transfer a child to the appropriate district court or criminal district court for criminal proceedings." *Id*. § 54.02(a), (j). The burden is on the State to establish that waiver of jurisdiction and transfer to criminal district court is appropriate. *Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017). What the State must prove to obtain

---

[5] In 2015, the Legislature amended the Juvenile Justice Code to again permit interlocutory appeals from a juvenile court's transfer order, but it did so only for orders issued on or after September 1, 2015. *See* Act of May 12, 2015, 84th Leg., R.S., ch. 74, § 3, 2015 Tex. Gen. Laws 1065, 1065. Because the Second Transfer Order pursuant to which Moon was transferred to criminal district court was entered after January 1, 1996, but before September 1, 2015, Moon was not able to appeal the Second Transfer Order directly. Rather, pursuant to Article 44.47 of the Code of Criminal Procedure, now repealed, Moon must again "wait until such time as he may be convicted" in adult criminal district court to complain, on appeal, of some error in the juvenile court's transfer ruling." *See Moon*, 451 S.W.3d at 39–40.

such a transfer depends on whether the minor has reached the age of 18 at the time of the certification hearing.

Under Section 54.02(a) of the Family Code, a juvenile court may waive its exclusive original jurisdiction over a child under the age of 18 if it finds:

(1)     the child is alleged to have violated a penal law of the grade of felony;

(2)     the child was:

(A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

(B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3)     after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

*Id.* § 54.02(a).

In determining whether the welfare of the community requires criminal proceedings, the juvenile court "shall consider, among other matters:"

(1)     whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2)     the sophistication and maturity of the child;

(3)     the record and previous history of the child; and

(4)     the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id*. § 54.02(f).

The requirements for waiver of jurisdiction and transfer are different when a minor has passed his 18th birthday. Subject to an exception not applicable here,[6] once a minor turns 18, the juvenile court must either transfer the case to criminal district court under Section 54.02(j) or dismiss the case. *Moore*, 532 S.W.3d at 404–05 ("The State's failure to meet this burden [under Section 54.02(j)] left the juvenile

---

[6]     A legislative exception to this rule of limited jurisdiction, which applies to incomplete proceedings, became available effective September 1, 2013. *See* TEX. FAM. CODE § 51.0412, Acts 2013, 83rd Leg., ch. 1299 (H.B. 2862), § 7, eff. Sept. 1, 2013. Under this exception, a juvenile court may retain jurisdiction over a person, without regard to the person's age, if, among other things, the person is a respondent in an adjudication proceeding and the proceeding is not complete before the respondent turns 18, so long as the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in attempting to complete the proceeding before the respondent's 18th birthday. *See In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *In re V.A.*, 140 S.W.3d 858, 859–60 (Tex. App.—Fort Worth 2004, no pet.). Neither party argues the transfer hearing in this case is subject to the Section 51.0412 legislative exception.

court with no option other than to dismiss the case and the juvenile court erred by not doing so.") (citing *In re N.J.A.*, 997 S.W.2d 554, 555–56 (Tex. 1999) ("If the person is over age eighteen, and section 54.02(j)'s criteria are not satisfied, the juvenile court's only other option is to dismiss the case.")). Under Section 54.02(j), the juvenile court may waive its exclusive original jurisdiction and "transfer a person to the appropriate district court or criminal district court for criminal proceedings if" it finds:

(1)    the person is 18 years of age or older;

(2)    the person was:

    (A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

    (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

    (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3)    no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4)    the juvenile court finds from a preponderance of the evidence that:

    (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE § 54.02(j). If the juvenile is 18 years old or older and the State fails to meet its burden under Section 54.02(j), the juvenile court's only option is to dismiss the case. *See Moore*, 532 S.W.3d at 405; *N.J.A.*, 997 S.W.2d at 557.

**Discussion**

Moon raises eight points of error on appeal. He contends (1) the State presented legally and factually insufficient evidence to prove the elements required under Section 54.02(j) of the Family Code; (2) the juvenile court's findings under Section 54.02(j) of the Family Code were insufficient to allow it to waive jurisdiction; (3) the criminal district court had jurisdiction when it originally adjudicated Moon for the charged offense of murder; (4) the State introduced legally and factually insufficient evidence, and did not obtain the necessary findings, to

15

establish that reversal of the Original Transfer Order made it impracticable for the State to proceed in juvenile court before Moon turned 18; (5) the State introduced legally and factually insufficient evidence, and did not obtain the necessary findings, to establish that it exercised due diligence; (6) application of Section 54.02(j) of the Family Code to recertify Moon deprived him of the process to which he was originally due under Section 54.02(a), (d), and (f) of the Family Code in violation of the United States and Texas Constitutions; (7) application of the standards for certification under Section 54.02(j) of the Family Code violated the ex post facto doctrine; and (8) the recertification of Moon under Section 54.02(j) of the Family Code violated the Equal Protection clause and the prohibition against double jeopardy doctrine.

We address Moon's third point of error first as it raises a threshold question of jurisdiction.

## A.    Parties' Arguments on Appeal

In his third point of error, Moon contends the State failed to satisfy the requirements of Section 54.02(j)(3) because it failed to prove that "no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted."  He argues "[i]t is beyond dispute that [he] was previously tried, adjudicated guilty, and convicted of the same alleged offense in the 178th District Court of Harris County and spent six years in adult prison as a result."

16

Moon asserts there was both an "adjudication hearing" and an "adjudication of the alleged offense" as a matter of law. He also notes that neither the juvenile court nor the criminal district court found that there was no "adjudication hearing" or no "adjudication" because Moon's prior conviction had been reversed.

In response to the juvenile court's Finding of Fact No. 44 that there was no adjudication concerning the offense "in the 313th District Court or any other juvenile court," Moon argues that the statute is not limited to "juvenile adjudication."[7] Moon further contends that the criminal district court that adjudicated Moon for the offense of murder had jurisdiction at the time of the adjudication. He argues the juvenile court's Conclusion of Law No. 4 that no adjudication occurred because the "Texas Court of Criminal Appeals determined that original, exclusive jurisdiction remained in the 313th District Court [juvenile court] rather than properly transferring to the 178th District Court [criminal court]" is patently erroneous and, as a legal conclusion, is subject to de novo review.[8]

---

[7]     Finding of Fact No. 44 states:

> No adjudication concerning the offense has occurred in the 313th District Court or any other juvenile court, and the Harris County Juvenile Court retained exclusive, original jurisdiction throughout the pendency of this case.

[8]     Conclusion of Law No. 4 states:

> Because the Texas Court of Criminal Appeals determined that original, exclusive jurisdiction remained in the 313th District Court [juvenile

17

Moon argues the Court of Criminal Appeals never determined original, exclusive jurisdiction remained in the 313th District Court and, in fact, held the opposite. He argues the Court of Criminal Appeals' holding that "the criminal courts retain jurisdiction, and the juvenile court lacks jurisdiction" unless and until the transfer order is declared invalid establishes that original exclusive jurisdiction did not remain in the 313th District Court. Moon contends the Court of Criminal Appeals was clear that although the Original Transfer Order was erroneous, it still effectively transferred jurisdiction of Moon's proceeding from the juvenile court to the criminal district court, and the Court of Criminal Appeals' ruling supersedes this Court's statement in *Moon I* that the district court lacked jurisdiction.

Finally, Moon asserts that because the criminal district court had jurisdiction over him during the trial of the charged offense in 2010, the judgment against him was not void or a nullity but merely voidable based on a non-jurisdictional error. Thus, it is clear there was an adjudication of the charged offense. Citing *State v. Rhinehart*, 333 S.W.3d 154 (Tex. Crim. App. 2011), Moon argues that a transfer order, such as the Original Transfer Order, that is merely erroneous or an abuse of discretion, but not void for lack of jurisdiction, is still effective.

---

court] rather than properly transferring to the 178th District Court [criminal court], no adjudication concerning this offense has been made and no adjudication hearing concerning the offense has been conducted.

18

In *Rhinehart*, the Court of Criminal Appeals noted that "the legislative provision in Article 44.47(b) [of the Texas Code of Criminal Procedure] that a defendant may appeal a juvenile court's transfer order 'only in conjunction with the appeal of a conviction . . . for which the defendant was transferred to criminal court' is some indication that a juvenile court's erroneous transfer order does not divest the criminal district court of jurisdiction over the case." *Id*. at 159. The Court in *Rhinehart* signaled that a transfer order would still vest the district court with jurisdiction, even if the transfer order were somehow erroneous. *Id.* ("It is not apparent to us that a juvenile court's erroneous ruling on a due-diligence issue deprives the criminal district court of jurisdiction over the matter."). *See id.* Other courts—including this one—have similarly held that as long as the juvenile court has jurisdictional power to issue the transfer order, the fact that the order may be erroneous does not invalidate the subject matter jurisdiction of the criminal district court. *See, e.g.*, *Melendez v. State*, 4 S.W.3d 437, 442 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We hold that a failure to comply with the notice provisions of the Vienna Convention does not rise to the level of jurisdictional error. The juvenile court had jurisdiction to transfer Melendez; the district court obtained jurisdiction to try him for murder."); *Adams v. State*, 827 S.W.2d 31, 33 (Tex. App.—Dallas 1992, no pet.) ("A judgment is void only if the court rendering the judgment had no jurisdiction over a party or his property, no jurisdiction over the subject matter, no

19

jurisdiction to enter the particular judgment, or no capacity to act as a court. . . . If the error asserted does not involve one of these specific issues, a judgment is merely voidable—not void.").

The State responds that Moon's argument that the State failed to prove the requirements of Section 54.02(j)(3) during recertification because the criminal district court had jurisdiction when it originally adjudicated Moon for the alleged offense is not cognizable on a pretrial writ of habeas corpus. The State asserts that because Moon's challenge attacks the sufficiency of the Second Transfer Order, review of such challenge would require this Court to construe the meaning of the statute under which the juvenile court certified Moon. According to the State, we cannot engage in such construction.

The State further asserts that even if this Court could reach the merits of Moon's challenge, his claim fails because the Second Transfer Order attached and incorporated by reference the juvenile court's Findings of Fact and Conclusions of Law which specifically state the reasons for its waiver of jurisdiction and which the juvenile court certified along with its order. The State argues that "[b]ased on the holdings of this Court and the Court of Criminal Appeals, the juvenile court found that the case remained pending in the juvenile court throughout its pendency, and no adjudication occurred in a juvenile court." The State contends that the Second

Transfer Order and incorporated Findings of Fact and Conclusions of Law thus affirmatively addressed the requirements of Section 54.02(j)(3).

Moon replies that when the requirements of Section 54.02(j) are not met, the juvenile court lacks jurisdiction to transfer a case to criminal district court and thus the transferee criminal court's jurisdiction is void ab initio. He asserts pretrial habeas corpus relief is always available where the criminal district court lacks jurisdiction.

In our original opinion in *Moon II*, we concluded that Moon's third point of error contending the State failed to establish lack of a prior adjudication was not cognizable on a pretrial writ of habeas corpus. We declined Moon's invitation to disregard our conclusion in *Moon I* that the criminal district court lacked jurisdiction and the case remained pending in the juvenile court.

## B.     Parties' Arguments on Rehearing

In his third point on rehearing, Moon urges us to consider his third point of error that recertification of Moon was precluded because there has been a prior "adjudication" or "adjudication hearing" for the alleged offense. Noting that whether a criminal district court obtains jurisdiction turns on the jurisdictional power of the juvenile court to issue a transfer order, Moon contends there is no question that the juvenile court had jurisdiction when it issued its Original Transfer Order and thus, the criminal district court obtained jurisdiction over Moon despite the error in

21

the Original Transfer Order. Moon asserts the Court of Criminal Appeals in *Moon I* recognized this when it held that "[u]nless the transfer order is declared invalid, the criminal court retains jurisdiction and the juvenile court lacks jurisdiction . . . . " Moon argues the criminal district court obtained jurisdiction under the Original Transfer Order and thus, there was a prior "adjudication" precluding recertification under Section 54.02(j). He asserts that when the criteria under Section 54.02(j) are not met, the juvenile court itself lacks jurisdiction. Consequently, any transfer order is void and the case must be dismissed. He contends that is precisely the situation in the present appeal—the juvenile court lacked jurisdiction to issue the Second Transfer Order and the criminal district court therefore also lacks jurisdiction.

The State responds that Moon's third point of error challenges the evidentiary sufficiency of the Second Transfer Order and would require us to engage in statutory construction, which is not permissible on a pretrial writ. Moon responds that construction of the relevant transfer statute—specifically, the word "adjudication"— is not an impediment to habeas corpus relief. The State argues that Moon's reliance on this Court's decision in *Ex parte Arango*, 518 S.W.3d 916 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd)[9] is unavailing. It argues that, in *Arango*, this Court

---

[9] When Arango was 16 years old, a juvenile court concluded that, because of the seriousness of the offense with which he had been charged, the welfare of the community required criminal proceedings and it transferred his case to criminal district court. *See Ex parte Arango*, 518 S.W.3d 916, 918 (Tex. App.—Houston

refused to go behind the face of the transfer order to consider evidentiary sufficiency and instead held that the facially invalid order failed to confer jurisdiction on the criminal court. The State asserts that, unlike the juvenile in *Arango*, Moon did not assert error based on the juvenile court's failure to make the required findings under Section 54.02(j), but rather asks this Court to second-guess those findings. The State argues Moon's reliance on *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016)[10]

[1st Dist.] 2017, pet. ref'd). Nine years later, Arango, still having not been tried, filed a pretrial writ of habeas corpus in the criminal district court contending that the juvenile court's transfer order was facially deficient under *Moon I* and, thus, failed to vest the criminal court with jurisdiction. *See id.* The trial court denied habeas relief. *See id.* On appeal, Arango argued that the trial court erred in denying his pretrial writ of habeas corpus relief because if he were to be tried and convicted, the deficient transfer order would be vacated by an appellate court, making an intervening trial an unnecessary waste of judicial resources. *See id.* This Court agreed and determined that "[t]he juvenile court's order waiving jurisdiction in this case suffers from the same flaw as the order in *Moon.*" *Id.* at 921. We concluded that "the juvenile court's transfer order does not pass muster under *Moon*, and that denying habeas relief and proceeding to trial on the basis of an invalid transfer order that failed to vest jurisdiction in the district court would be a waste of judicial resources." *Id.* at 918.

[10] In *Ex parte Perry*, 483 S.W.3d 884, 895–96 (Tex. Crim. App. 2016), the Texas Supreme Court stated:

Although we have said that as-applied challenges are not cognizable before trial, we allow certain types of claims to be raised by pretrial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial. Within this category of rights that would be effectively undermined if not vindicated pretrial, we have, so far, recognized the constitutional protections involving double jeopardy and bail. Facial constitutional challenges, however, are cognizable on pretrial habeas regardless of whether the particular constitutional right at issue would be effectively undermined if not vindicated prior to trial.

23

is just as unavailing because the Court of Criminal Appeals relied on double jeopardy law to find the separation-of-powers right included within it a right to avoid trial upon violation. The State reasons that, unlike *Ex parte Perry*, Moon's evidentiary sufficiency challenge and request for statutory interpretation do not raise a constitutional right that must be vindicated before trial or otherwise be lost. The State asserts that Moon's attempt to hide his claims "underneath a jurisdictional umbrella does not make the otherwise uncognizable, cognizable."

In his reply brief, Moon direct us to the Fourteenth Court of Appeals' decision in *In re D.T.*, 631 S.W.3d 355 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) to support his argument that an erroneous, but not void, transfer order under Section 54.02(a) and (f) is effective to confer jurisdiction on a criminal district court. In *D.T.*, decided after we issued our original opinion in this appeal, the defendant was originally certified under Section 54.02(a)-(f) and transferred to criminal district court to stand trial as an adult for the offenses of capital murder and regular murder. *See id.* at 356. The juvenile court issued a separate transfer order for each crime. *See id.* D.T. was convicted of capital murder and the State later dismissed the regular murder case. *See id.* Following his conviction for capital murder, D.T. appealed contending the juvenile court's transfer order in the capital murder case contained error under *Moon I* because it did not sufficiently state the reasons for its waiver of jurisdiction. *See id.* at 356–57. The Fourteenth Court of Appeals agreed that the

24

transfer order was deficient under *Moon I*, vacated D.T.'s conviction for capital murder, and remanded the case to the juvenile court. *See id.* at 357. The State later refiled the delinquency petitions for both cases, and the juvenile court issued two new transfer orders under Section 54.02(j). *See id.* D.T. appealed the orders separately. *See id.*

Because the transfer order in the regular murder case contained the same defects as in the capital murder case, both parties assumed that the order never transferred jurisdiction and the juvenile court retained jurisdiction. *See id.* at 359. The Fourteenth Court disagreed, noting:

> The juvenile court raised the question of its own jurisdiction during the second transfer hearing. In response to that question, both sides agreed that the juvenile court had the jurisdiction to act on the State's motion to transfer, even though the previous transfer order had never been reversed by an appellate court or set aside by a district court. The parties reasoned that the original transfer order was void on its face because it violated *Moon* by not containing any case-specific reasons for the juvenile court's waiver of jurisdiction. Continuing with that premise, the parties argued that the juvenile court's previous waiver of jurisdiction was ineffective, which meant that the juvenile court still retained its exclusive, original jurisdiction. By rendering the second transfer order, the juvenile court apparently accepted this reasoning.
>
> We believe that this reasoning conflicts with the final footnote in *Moon*, where the Court of Criminal Appeals made the following comment regarding the juvenile court's authority to cure a deficient transfer order: "Unless and until the transfer order is declared invalid, the criminal courts retain jurisdiction, and the juvenile court lacks jurisdiction to retroactively supply critical findings of fact to establish whether or not it has validly waived its jurisdiction." *See Moon*, 451 S.W.3d at 52 n.90. That comment is consistent with *State v. Rhinehart*, 333 S.W.3d 154 (Tex. Crim. App. 2011), where the Court of Criminal

Appeals signaled that a transfer order would still vest the district court with jurisdiction, even if the transfer order were somehow erroneous. *Id.* at 159 ("It is not apparent to us that a juvenile court's erroneous ruling on a due-diligence issue deprives the criminal district court of jurisdiction over the matter.").

*Id.* The court held that "[u]nless and until the original transfer order is declared invalid, we conclude that the district court retains jurisdiction in the regular murder case, which means that the juvenile court lacked jurisdiction and that its second transfer order is void." *Id.* Moon asserts the reasoning in *D.T.* establishes the criminal district court obtained jurisdiction over him as a result of the Original Transfer Order and thus, there was an "adjudication" or an "adjudication hearing" precluding recertification under Section 54.02(j).

## C.  *Ex Parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021)

While Moon's motion for rehearing was pending in this Court, the Court of Criminal Appeals issued its decision in *Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021). The Court's decision implicitly and explicitly overruled *Moon I.*

The applicant, who was serving a sentence of life imprisonment for capital murder committed when he was 16 years old, filed a petition for writ of habeas corpus arguing the juvenile court's waiver of jurisdiction and transfer of his case to criminal district court under Section 54.02 was void and therefore ineffective to confer jurisdiction on the criminal district court. *See id.* at 375. He argued the juvenile court's failure to satisfy the requirements under *Moon I* that the transfer

order contain factually supported, case-specific findings rendered the entire criminal proceeding void and thus the district court never obtained jurisdiction over him. *See id.*

> The Court first addressed cognizability, stating
>
> It is axiomatic that review of jurisdictional claims or denials of fundamental constitutional rights are cognizable in post-conviction habeas corpus proceedings. The core reason why jurisdictional issues can never be waived (at least for purposes of raising them in an application for a writ of habeas corpus) is because a court that lacks subject[-]matter jurisdiction has no authority to fix errors in a judgment or order that was entered without subject-matter jurisdiction. . . . Even the oft-stated holding that the writ of habeas corpus should not be used as a substitute for appeal pre-supposes that the judgment being reviewed was entered by a court with jurisdiction.

*Id.* at 376. Noting that "[g]enerally, subject-matter jurisdiction is never presumed and cannot be waived," the Court held that "for a juvenile court to validly waive jurisdiction and transfer a case to criminal court, it must satisfy the terms of the statute." *Id.* The State bears the burden of proving transfer is appropriate. *See id.*

The Court in *Ex parte Thomas* examined its decision in *Moon I*, noting "[i]n that case, we held that if an order waiving juvenile jurisdiction does not contain factually-supported, case-specific findings, then the order is invalid. . . . [T]hat

27

holding necessarily means that, in such circumstances, a district court never acquires jurisdiction."[11]  *Id.* at 372.  It explained that:

> Given that we affirmed the court of appeals' judgment dismissing the case for a lack of jurisdiction, we necessarily held that the criminal district court lacked jurisdiction.  This is how courts of appeals reviewing *Moon* have understood the case as well.

*Id.* at 377.  The Court then declared *Moon I*'s holding "both [j]urisdictional and [w]rong" determining that "*Moon*'s court-made requirement—that transferring juvenile courts set out specific fact-findings in the transfer order for transferring the case—is not supported by the text of the statute nor United States Supreme Court precedent."[12]  *Id.* at 377.  The Court stated that while "[r]equiring them may be good policy, []the lack of case-specific findings has nothing to do with jurisdiction,

---

[11]  In a footnote, the Court in *Ex parte Thomas* cited this Court's conclusion in our original opinion that "[t]he Court of Criminal Appeals answered its own question about whether or not the juvenile court had validly waived its jurisdiction when it, without qualification, affirmed our holding that the juvenile court had not." *See Ex Parte Thomas*, 623 S.W.3d 370, 372 (Tex. Crim. App. 2021) (quoting *Ex parte Moon*, No. 01-18-01014-CR, 2020 WL 827424, at \*8 (Tex. App.—Houston [1st Dist.] Feb. 20, 2020, no pet.)).

[12]  Although noting that "[d]etailed findings are certainly preferable and helpful to keep the appellate court from having 'to rummage through the record for facts that the juvenile court might have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order,'" the  Court emphasized that "it's the hearing itself that prevents the transfer process from being arbitrary [and] the case-specific fact-findings are not necessary to protect a fundamental constitutional right." *Ex parte Thomas*, 623 S.W.3d at 381 (quoting *Moon*, 451 S.W.3d at 50).  The Court stated "[t]o the extent that language in *Moon* suggests that such findings are a fundamental constitutional right, we disavow that language." *Id.*

28

fundamental constitutional rights, or even the transfer statute itself. The juvenile court's transfer order in this case may have lacked factually-supported, case-specific findings, but that did not make that order invalid or deprive the district court of jurisdiction." *Id.* at 373.

Recognizing that its resolution of the cognizability issue had implicitly overruled *Moon I*, the Court stated:

> Given *Moon*'s strained reasoning, its inconsistency with related decisions, and the legal developments since the decision, we explicitly overrule it. A juvenile transfer order entered after the required transfer hearing and complying with the statutory requirements constitutes a valid waiver of jurisdiction even if the transfer order does not contain factually-supported, case-specific findings. In the present case, the juvenile court conducted a transfer hearing. The transfer order complied with the statute by listing the reasons for the transfer. Therefore, the criminal district court had jurisdiction over the case. Applicant's post conviction writ is denied.

*Id*. at 383.

We distill several principles from *Ex parte Thomas* relevant to this appeal. First, review of jurisdictional claims is cognizable on habeas corpus. *See id.* at 376. Second, a juvenile court's transfer order that does not contain factually supported, case-specific findings does not render the order void or deprive the transferee criminal district court of jurisdiction. *See id.* at 383. Third, a transfer order entered after a transfer hearing that comports with the statutory requirements of Section 54.02 constitutes a valid waiver of jurisdiction. *See id.* at 383. With these principles in mind, we consider the parties' arguments.

29

**D.      Post *Ex parte Thomas***

Moon contends *Ex parte Thomas* confirms that his claims are cognizable on a pretrial writ of habeas corpus because they challenge the criminal court's jurisdiction to proceed.  He argues *Ex parte Thomas* also makes clear the criminal district court had jurisdiction over him when it adjudicated him guilty in 2010, and thus the juvenile court erred in concluding there had been no prior adjudication or adjudication hearing when it issued its Second Transfer Order.

The State contends that, to the contrary, *Ex parte Thomas* eliminates Moon's claims for rehearing.  The State argues *Ex parte Thomas* reasserts that Moon's claims are not cognizable on a pretrial writ of habeas corpus and that *Ex parte Thomas* "contradicted appellant's third point of error on appeal and third issue for review on rehearing when it explained without question that *Moon v. State* held the criminal district court in appellant's murder trial lacked jurisdiction as both this Court and the Court of Criminal Appeals held on appellant's original appeal."

**1.      Moon's Claim Is Cognizable on Pretrial Writ**

Section 54.02(j) of the Family Code permits a juvenile court to waive its exclusive original jurisdiction and transfer a case to criminal district court if certain criteria are present.  *See* TEX. FAM. CODE § 54.02(j).  The burden is on the State to establish the criteria under Section 54.02(j).  *Ex parte Thomas*, 623 S.W.3d at 376. If the State fails to carry its burden under Subsection (j), the juvenile court lacks

30

jurisdiction to transfer a case to criminal district court and the case must be dismissed. *See Moore*, 532 S.W.3d at 405 ("The State's failure to meet this burden left the juvenile court with no option other than to dismiss the case and the juvenile court erred by not doing so."); *N.J.A.*, 997 S.W.2d at 557 ("If the person is over age eighteen, and section 54.02(j)'s criteria are not satisfied, the juvenile court's only other option is to dismiss the case."); *In re A.M.*, 577 S.W.3d 653, 672 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (concluding State's failure to satisfy Section 54.02(j)'s requirements deprived juvenile court of jurisdiction, juvenile court lacked jurisdiction to transfer case to criminal district court, and criminal district court therefore did not acquire jurisdiction).

Although the State characterizes Moon's third point of error as a sufficiency challenge, Moon in his brief argued that "because the requirements of [Section] 54.02(j) [were] not met, the juvenile court lack[ed] jurisdictional power to transfer the case and the criminal court's jurisdiction [was] void ab initio." He claims that his challenge to the Second Transfer Order "calls into question the [criminal] trial court's power to proceed." As the Court in *Ex parte Thomas* clarified, "[c]laims that a juvenile transfer order is void are cognizable on a writ of habeas corpus because they involve the jurisdiction of the trial court to hear a case." *Ex parte Thomas*, 623 S.W.3d at 375 ("Even the oft-stated holding that the writ of habeas corpus should not be used as a substitute for appeal pre-supposes that the judgment being reviewed

31

was entered by a court with jurisdiction."). Applying *Ex parte Thomas*, we conclude that Moon's claim that the criminal district court's jurisdiction was "void ab initio" because the State failed to satisfy the requirements of Section 54.02(j)(3) and thus the juvenile court lacked the jurisdictional power to transfer the case under 54.02(j), implicates the jurisdiction of the court and is thus cognizable on a pretrial writ. *See id.*; *see also Ex parte N.C.*, No. 13-20-00293-CR, 2021 WL 4995574, at *5 (Tex. App.—Corpus Christi-Edinburg Oct. 28, 2021, no pet.) (mem. op., not designated for publication) (reviewing appeal from trial court's denial of defendant's petition for writ of habeas corpus where defendant's "first three issues on appeal all relate to the district court's jurisdiction over him after the juvenile court transferred its case after his eighteenth birthday").

The State argues that Moon has an adequate remedy on appeal. Moon, however, cannot directly appeal the Second Transfer Order. Although the Legislature amended the Juvenile Justice Code in 2015 to re-authorize interlocutory appeals from transfer orders as civil matters, that change in law did not become effective until September 1, 2015.[13] *See* Acts 2015, 84th Leg., ch. 74 (S.B. 888), §

---

[13] The purpose of this amendment was to provide more immediate safeguards for juveniles certified to be tried as adults in criminal district court. *Ex parte Thomas*, 623 S.W.3d at 383. Indeed, in *Ex parte Thomas*, the Court acknowledged that in response to *Moon I*, the Legislature "repeal[ed] Article 44.47 of the Code of Criminal Procedure and add[ed] Section 56.01(c)(1)(A) to the Family Code" taking review of transfer orders "away from this Court and creat[ing] a vehicle for

3, eff. Sept. 1, 2015; *see also* Misc. Docket No. 15-9156 (Tex. Aug. 28, 2015). The Second Transfer Order was issued in May 2015. Consequently, Moon, who is now in his 30s, would have to wait until he is convicted a second time in criminal district court before he can challenge the Second Transfer Order and raise the threshold jurisdictional issue he now raises in his pretrial writ of habeas corpus. We note that a finding the juvenile court lacked jurisdiction to issue the Second Transfer Order under Section 52.04(j) would not lead to a remand or result in further proceedings. Rather, such a holding would deprive the criminal district court of the power to proceed and require dismissal of the case against Moon. Under the circumstances, we hold that Moon's jurisdictional claim is cognizable under a pretrial writ. *See Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006) (holding that claim is cognizable in pretrial writ of habeas corpus if, resolved in defendant's favor, it would deprive trial court of power to proceed and result in defendant's immediate release); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (holding that defendant may raise in pretrial writ of habeas corpus "certain issues which, if meritorious, would bar prosecution or conviction").

immediate, interlocutory appeal to the courts of appeals and then to the Texas Supreme Court" and providing "more immediate safeguards for juveniles being transferred to district court for trial as an adult . . . ." *Id*. at 382–83. Because of intervening changes in the law, Moon has twice been deprived of this "immediate safeguard."

## 2. The State Failed to Satisfy Section 54.02(j)(3)'s Requirements

Section 54.02(j)(3) requires the State to prove that "no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted[.]" TEX. FAM. CODE § 54.02(j)(3). The juvenile court made the following Findings of Fact which it incorporated into its Second Transfer Order:

> 28. On April 6, 2010, jury trial began and continued through April 20, 2010, in criminal district court cause number 1196446 in the 178th District Court of Harris County. See Petitioner's Exhibit No. 40.

> 29. On April 20, 2010, the respondent was convicted in criminal district court cause number 1196446 for the offense of murder which formed the basis for the Order to Waive Jurisdiction in 2008-06648J Amended and was sentenced to 30 years imprisonment after punishment was assessed by the jury.[14]

Despite these findings, the juvenile court, citing our opinion and the Court of Criminal Appeals' opinion in *Moon I*, also made the following Finding of Fact and Conclusion of Law:

> [Finding of Fact] 44. No adjudication concerning the offense has occurred in the 313th District Court or any other juvenile court, and the Harris County Juvenile Court retained exclusive, original jurisdiction throughout the pendency of this case. *See Moon*, 451 S.W.3d at 31–32, 51, n.90; *see also Moon*, 410 S.W.3d at 378 ("Because the juvenile court abused its discretion in waiving its jurisdiction over Moon and certifying him for trial as an adult, the district court lacked jurisdiction over the case. The Court of Appeals for the First Judicial District

---

[14] At Moon's bond hearing, the State prosecutor stated that "Cameron Moon *has been adjudicated* by a jury of Harris County jurors and was sentenced to a significant term of prison time for the offense . . . ." (Emphasis added).

34

therefore vacate[d] the district court's judgment and dismiss[ed] the case. The case remains pending in the juvenile court.").

[Conclusion of Law] 4. Because the Texas Court of Criminal Appeals determined that original, exclusive jurisdiction remained in the 313th District Court rather than properly transferring to the 178th District Court, no adjudication concerning this offense has been made and no adjudication hearing concerning the offense has been conducted. *See Moon*, 451 S.W.3d at 31–32, 51, n.90; *see also Moon*, 410 S.W.3d at 378 ("Because the juvenile court abused its discretion in waiving its jurisdiction over Moon and certifying him for trial as an adult, the district court lacked jurisdiction over the case. The Court of Appeals for the First Judicial District therefore vacate[d] the district court's judgment and dismiss[ed] the case. The case remains pending in the juvenile court."); *see* TEX. FAM. CODE ANN. § 54.02(j)(3) (West Supp. 2014).

In support of its argument that Moon's third point of error fails, the State relies on the Court of Criminal Appeals' acknowledgment in *Ex parte Thomas* of its holding in *Moon I* that the criminal district court lacked jurisdiction. It points to the Court's language that "[g]iven that we affirmed the court of appeals' judgment dismissing the case for a lack of jurisdiction, we necessarily held that the criminal district court lacked jurisdiction." The State argues in effect that Moon's claim fails because the juvenile court's Conclusion of Law that it always retained jurisdiction and thus "no adjudication has been made and no adjudication hearing . . . has been conducted" was correct when made.

*Ex parte Thomas*, however, overruled the cases upon which the State relies and on the very point for which the State relies on them. *See Ex parte Thomas*, 623 S.W.3d at 383 ("Given *Moon*'s strained reasoning, its inconsistency with related

35

decisions, and the legal developments since the decision, we explicitly overrule it."). The *Thomas* Court held that "[a] juvenile transfer order entered after the required transfer hearing and complying with the statutory requirements constitutes a valid waiver of jurisdiction even if the transfer order does not contain factually-supported, case-specific findings." *Id.* Expressly overruling *Moon I*'s holding as both "[j]urisdictional and [w]rong," the *Thomas* court then held that a juvenile court's transfer order that lacks factually supported, case-specific findings, like the transfer order in *Moon I* did, does "not make that order invalid or deprive the district court of jurisdiction." *Id.* at 373 (holding that while "[r]equiring them may be good policy, []the lack of case-specific findings has nothing to do with jurisdiction, fundamental constitutional rights, or even the transfer statute itself"). Thus, the 178th District Court had jurisdiction over Moon in 2010 when he was adjudicated of the charged offense, and the juvenile court's Conclusion of Law No. 4 that "no adjudication concerning this offense has been made and no adjudication hearing concerning the offense has been conducted," based solely upon overruled authorities, is erroneous.

Our holding is not a retroactive application of a new law. *See Salinas v. State*, 523 S.W.3d 103, 111 (Tex. Crim. App. 2017) (explaining retroactivity principles are implicated if court's holding announces "new" rule). Rather, we are applying *Ex parte Thomas* which clarified what was apparent to the Court of Criminal Appeals from the outset—that the juvenile court had jurisdiction when it originally

transferred the case to the criminal district court in 2008, and that although the Original Transfer Order was erroneous, it was still effective to transfer jurisdiction from the juvenile court to the criminal district court, where Moon stood trial and where he was convicted of the charged offense and sentenced to 30 years in prison.

We are cognizant that our holding that the criminal district court obtained jurisdiction under the Original Transfer Order and that there was thus a prior adjudication precluding recertification of Moon is at odds with our holding in *Moon I*, where we held the criminal district court lacked jurisdiction and we vacated the judgment of the trial court.[15]

---

[15] In *In re J.G.*, 495 S.W.3d 354 (Tex. App.—Houston [1st Dist.] 2016, pet. denied), we similarly considered whether an adjudication of the alleged offense had been made for purposes of Section 54.02(j)(3). *Id*. at 372–73. There, after the juvenile court first waived jurisdiction and transferred the juvenile's case to the district court, the juvenile pleaded guilty to the charge of aggravated robbery and the district court entered a judgment of conviction. *See J.G. v. State*, 471 S.W.3d 1, 2 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("*J.G. I*"). On original appeal, the Fourteenth Court of Appeals held the juvenile court abused its discretion in waiving jurisdiction and transferring the case and it reversed the defendant's conviction. *See id.* at 4 ("*J.G. I*"). Relying on the Court of Criminal Appeals' opinion in *Moon I*, the court stated, "[b]ecause the criminal district court never acquired jurisdiction over appellant, we vacate the judgment of the criminal district court, dismiss the case, and return the case to the juvenile court." *Id.* (citing *Moon*, 451 S.W.3d 28, 52 n.90) ("*J.G. I*").

On remand, the juvenile court again waived its jurisdiction and certified the defendant, who was by that time over the age of 18, under Subsection (j). *See In re J.G.*, 495 S.W.3d at 359. On appeal from recertification, this Court relied on the Fourteenth Court's determination in *J.G. I* that "because the district court did not acquire jurisdiction over appellant, his conviction in that court is void and of no effect" to conclude that "[i]n this case, therefore, no valid adjudication concerning the alleged offense has been made." Because the *J.G.* courts relied on the Court of

37

Under the "law of the case" doctrine, courts of appeals are ordinarily bound by their initial decision if there is a subsequent appeal in the same case.[16] *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) ("The 'law of the case' doctrine is as applicable to the appeals of criminal cases as it is to appeals of civil cases."). The doctrine "is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Briscoe*, 102 S.W.3d at 716 (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). "A decision rendered on an issue before the appellate court," however, "does not absolutely bar re-consideration of the same issue on a second appeal" *Id.* Rather, "[a]pplication of the doctrine lies within the discretion of the court, depending on the particular circumstances surrounding that case." *Id.*

The Texas Supreme Court has long recognized an exception to the law of the case doctrine holding that if an "appellate court's original decision is clearly erroneous, the court is not required to adhere to its original rulings." *Id.* (citing

---

Criminal Appeals' decision in *Moon I* in reaching their conclusion that the juvenile's prior conviction was void—a decision that has since been overruled—those cases are distinguishable from the case before us.

[16] In *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714 (Tex. 2003), the Texas Supreme Court stated "[b]y narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation." *Id.* at 716.

*Galveston, Harrisburg & San Antonio Ry. Co. v. Faber*, 8 S.W. 64, 65 (1888)). "It would be unthinkable for [the court], after having granted the writ, reconsidered the case, and arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate that error." *Id.* at 716–17 (quoting *Conn. Gen. Life Ins. Co. v. Bryson*, 219 S.W.2d 799, 800 (1949)). Because we conclude that our decision in *Moon I* that the criminal district court lacked jurisdiction over Moon is clearly erroneous in light of *Ex parte Thomas*, we are not bound by our first decision. *See id.* at 717 ("Because application of the law of the case doctrine is discretionary, the court of appeals had the authority to re-visit its jurisdictional decision. Finding clear error in its first decision, it had the power to overturn that first decision on the second appeal."); *see also Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 338 (Tex. App.—Houston [1st. Dist.] 2015, pet. denied) (holding that "jurisdiction is a fundamental inquiry and the law of the case doctrine does not preclude a re-examination of a prior jurisdictional decision").

Thus, under *Ex parte Thomas*, we hold the criminal district court obtained jurisdiction when the juvenile court issued its Original Transfer Order and Moon was adjudicated guilty of the charged offense in 2010. Because "an adjudication concerning the offense has been made" or an "adjudication hearing concerning the offense has been conducted," the State did not satisfy the requirements of Section 54.02(j)(3) and the juvenile court lacked jurisdiction to transfer the case to the

39

criminal district court.  The juvenile court's only option was to dismiss the case.[17]

*See Moore*, 532 S.W.3d at 405 (concluding State's failure to meet its burden under

Section 54.02(j) left juvenile court with no option other than to dismiss case); *In re*

*A.M.*, 577 S.W.3d at 672 (concluding State's non-compliance with Section 54.02(j)

deprived juvenile court of jurisdiction, juvenile court lacked jurisdiction to transfer

case to criminal district court, and criminal district court could not acquire

jurisdiction and thus only available disposition was dismissal of case for lack of

jurisdiction).

---

[17]  In reaching our conclusion, we need not, as the State contends, construe the statute. The State's response on the issue of "adjudication" was limited to its argument that because the criminal district court lacked jurisdiction under the Original Transfer Order, there was no adjudication concerning the offense.  The State does not contest the definition of the term "adjudication" nor does it argue that the criminal district court's judgment could not be an "adjudication" under Section 54.02(j).  We note such an argument would be unavailing.  The Legislature did not include the language "by a juvenile court" in Section 54.02(j)(3) and thus it is presumed to have purposefully omitted such words.  *See* TEX. FAM. CODE § 54.02(j)(3) (requiring that "no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted"); *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.").  Further, "adjudication" is defined broadly as "the formal giving or pronouncing a judgment or decree in a cause," BLACK'S LAW DICTIONARY 39 (5th ed. 1979), and a conviction necessarily involves "adjudication."  *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978) ("[A] 'conviction,' regardless of the context in which it is used, always involves an adjudication of guilt."); *Beedy v. State*, 194 S.W.3d 595, 599 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008) ("Simply put, whether examined in the context of the term's plain meaning or of its common usage, there can be no 'final conviction' without an adjudication of guilt.").

We sustain Moon's third point of error.[18]

## Conclusion

We reverse the criminal district court's order denying Moon's application for a pretrial writ of habeas corpus. We remand this matter to the criminal district court with instructions to enter an order granting Moon the habeas relief requested in his pretrial writ of habeas corpus and dismissing the case for lack of jurisdiction. *See* TEX. R. APP. P. 31.3. All pending motions are dismissed as moot.


                                        Veronica Rivas-Molloy
                                        Justice

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Publish. TEX. R. APP. P. 47.2(b).

---

[18] In light of our holding, we need not address Moon's remaining points of error.

41